No. 7838.

Mrs Mary A. Nichols, Natural Tutrix, vs. Drury A. Harris.

On Motion to Dismiss.

Testimony taken on the trial of a case by a phonographer, under the provisions of Act No. 94 of 1876, is testimony *taken in writing*, although the phonographic notes of the officer may never afterwards have been transcribed or translated into ordinary writing, owing to some accident. In that case, the Appellant is not compelled to have the statement of facts made out, which Article 602 of the Code of Practice requires.

The fault of the insufficiency of the Record, under such circumstances, not being imputable to Appellant, HELD that the Appeal should not be dismissed, but the case remanded for a new trial.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers,* J.

---

Merrick, Race & Foster for Defendant and Appellee :

The witnesses were heard in open court. By consent of Counsel, the case was thereupon submitted, and the District Judge rendered his judgment on that *oral* testimony, because the written report of the phonographer was never filed.

It is clear that Appellant should have had a statement of facts made out, as required by Art. 602, C. P. The Appeal should be dismissed because the fault, if the testimony was not noted in writing, is attributable to Appellant. 29 An. 71 ; 25 An. 667 ; 23 An. 746 ; 22 An. 83. The Act of 1876, No. 94, makes it the duty of the short-hand reporter to " furnish and file in Court within ten days" of the taking of the testimony a transcript thereof. It was the duty of Appellant's Counsel to look after it and have the deficiency remedied.

Cotton & Levy for Plaintiff and Appellant :

The testimony having been taken in writing by the short-hand reporter, in the manner prescribed by the Statute of 1876, Appellant was not required to call upon opposite Counsel for a statement of facts. The fault is, in no manner, that of Appellant, and, therefore, the case ought to be remanded for a new trial. 23 An. 28 ; 25 An. 860.

The opinion of the Court was delivered by

Levy, J. This case is before us on a motion to dismiss the appeal. The judgment herein was signed on the 18th of February, 1879 ; appellant filed her petition for a devolutive appeal, and the same was granted on the 11th of February, 1880. In the certificate of the clerk, it is certified that the transcript is a full and complete one of all the proceedings had, testimony and evidence adduced, and all the documents filed upon the trial of the case, " except the depositions of S. Cotten, Mrs. Nichols, and D. A. Harris, which the affidavit of Richard Nixon, short-hand reporter, shows have been stolen and cannot be found or supplied."

The affidavit of Nixon, the reporter, was made on the 1st of March, 1880, and sets forth that he as short-hand reporter, " took down the depositions of S. Cotten and Mrs. Nichols, for plaintiff, and of Drury A. Harris and others, for defendant ;" that after the adjournment of the court, he took his notes of the testimony to his boarding-house, where they were extended, and the testimony written out in full or translated into " long-hand," and, without negligence or want of proper care on his part, they were stolen, and have not, although he has made diligent search, been recovered. The Judge of the Fifth District Court, by whom the case was tried, certifies of date the 13th March, 1880, that the case was tried before him, and " submitted on the testimony taken and the documents in evidence in the case, and judgment was rendered thereon ; that among the witnesses who testified were Mrs. Nichols, plaintiff, D. A. Harris, defendant, Samuel Cotten, Dr. N. Jenkins, whose testimony was taken down in short-hand or phonetic characters by Richard Nixon, the phonographer, in open court, but the testimony of said witnesses was never returned into court nor filed therein, and so far as to the said witnesses, the judgment was rendered on their oral testimony ;" that he has " never been applied to to make a statement of facts in the case, by either appellant or her counsel, or by any other party, either before or since the taking of the appeal herein." There is, also, a certificate from S. L. Poloch, phonographer, to the effect that he acted as phonographic clerk on the first day of the trial of the case, and, having other duties to perform on the second day, employed Nixon to take his place ; that about fifteen or twenty days after the trial he

presented his bill to Mr. Levy, one of the counsel of plaintiff, who re-fused to approve it, saying that Nixon stated his notes had been stolen, and he (Levy) would not approve the bill unless the notes were tran-scribed, and the testimony thus transcribed was filed in court.

The appellee moves to dismiss the appeal, on the grounds " that the transcript of record filed herein is incomplete and imperfect, and does not contain the evidence upon which the case was tried in the court be-low, and the appellant has not made the effort, and has failed to take the proper steps to complete the record and place the testimony on which the case was tried in the court below before this court."

Appellee cites article 896, Code of Practice, which requires : "That if the copy of the record brought up be not duly certified by the clerk of the lower court, as containing all the testimony adduced, the Supreme Court can only judge of such cause on a statement of facts prepared and signed in the manner directed in the second section of the sixth (should be fifth) chapter of the preceding title," etc. Referring to the article 602, C. P., we find that this statement of facts is only authorized " when the depositions of witnesses have not been taken in writing in the inferior court."

But it is contended by appellee that in this case the testimony was oral, and could not be regarded as testimony taken down in writing, until the same was transcribed by the phonographer, and, being written out in full, filed in the record. Act No. 91 session acts of 1876, p. 150, authorizing the appointment of short-hand reporters, in section 3 de-fines the duties of short-hand reporters appointed under the provisions of the act to be, to report all testimony taken in open court in all ap-pealable civil causes, and furnish and file in court within ten days of the taking of the same a transcript of the said testimony, printed or written in a legible hand. We are of opinion that the notes of the stenographer, taken when the witness gives his oral testimony in court, is a " taking in writing" as contemplated by article 602. It is true this short-hand re-port may be illegible or unintelligible to others than the reporter himself, but it is the writing, the taking down, word for word, of the oral testi-mony, under the eye and within the hearing of the court, by a sworn officer, and when transcribed is to be filed in the record. It cannot be transcribed unless previously taken down in writing, and when thus transcribed and filed, it is only an intelligible translation of written testimony, taken in short-hand or phonetic characters, into characters generally understood. Hence, we conclude that this was not a case fall-ing within the operation of the articles 896 and 602 of the Code of Practice. The parties by consent might have agreed upon a statement of facts, or agreed that the court should make such statement, but they are nowhere *required* to do this, and their failure or even refusal to

enter into such agreement to supply the lost or missing testimony cannot be urged against them as a reason for the dismisssl of the appeal. The loss of the short-hand report and the transcribed testimony, and consequent incompleteness of the record, is not attributable to the appellant, and although by consent of parties this loss might havo been supplied by a statement of facts, the failure to present such statement, or even to endeavor to obtain such consent, cannot be regarded as a legal fault, and should not be visited with a dismissal of the appeal. We have no right to prescribe any rules of practice or suggest the course of management of a case to counsel, particularly when the Code and law do not explicitly point them out.

5 An. 602 ; 12 An. 83 ; 23 An. 28 ; 25 An. 216.

The motion to dismiss is denied, and adopting the precedent in the case of Perroux vs. Lacoste (not reported), Opinion Book 40, p. 175, it is ordered, adjudged, and decreed that the judgment appealed from bo set aside, and that this cause be remanded to the lower court for a new trial.