W. J. QUARLES ET AL. *v.* C. H. HIERN.

APPEAL.  *Supreme court.  Loss of papers by appellee.  New trial.*

> Where an appeal is perfected, on showing by affidavit that a transcript of
> the record cannot be had because of the loss or destruction of the
> original papers by appellee's fault, the court will grant a rule on him
> to show cause why there shall not be a reversal; and, if it appears that
> the papers have been lost or destroyed, so that the merits cannot be
> known, the court will reverse, that there may be a new trial.

MOTION in the supreme court.

In a suit brought by Hiern, the appellee, against Quarles
and others in the chancery court of Harrison county, a final
decree was rendered in favor of Hiern.  After entry of the
decree, the original papers were turned over to Hiern, the
successful complainant, at his request, for examination.  De-
fendants perfected their appeal, but as Hiern has never re-
turned the file of papers to the clerk of the chancery court,
it has been impossible to make a complete transcript for the
appeal.

Appellants have caused a transcript of the decree to be
filed in this court with the bond for appeal, and a certificate
by the chancery clerk as to the loss of the papers, and his
consequent inability to make the transcript.  Affidavits were
also filed by the attorneys for complainant and defend-
ants, from which it appears that the papers have either been
lost or destroyed while in the possession of Hiern.

This motion is made by appellants for a rule on said ap-
pellee to show cause why the decree shall not be reversed if
the papers be not restored.

*Nugent & McWillie*, for motion.

Argued orally by *W. L. Nugent*, for the motion.

CAMPBELL, C. J., delivered the opinion of the court.

This is a case for the practical application of the maxim, *omnia praesumuntur contra spoliatorem*, and therefore it is ordered that a rule be made on the complainant in the bill, appellee here, to show cause, on the third Monday of January next, why the decree appealed from shall not be reversed, which will be done unless the original papers shall be produced to the clerk of the chancery court of Harrison county, so that a transcript may be made for this appeal. In no other way can justice be surely done to the appellant. If the papers have been destroyed or lost by him who obtained the decree, so that it cannot be shown to this court by a transcript of the case which resulted in the decree complained of, that it was not proper, it is no wrong to the party chargeable with responsibility for the absence of the papers to restore the *status quo ante* the decree by reversal, and he may then proceed, if he can, to get another decree.

*Motion sustained.*