O’NIELL, J.
In the record of this case is a bill of exception, in which the district judge informs this court that the transcript of the testimony is inaccurate and incomplete.
This bill was taken to the refusal of the district judge to permit the counsel for the defendants, appellants, to have the testimony of their witnesses retaken, or to correct the record—
“so that the record would contain an accurate statement of the evidence heard on the trial.”
In the per curiam the district judge states:
“That counsel for all parties, as well as the presiding judge, admit that the averments of the motion hereto annexed are true and correct, but that said motion was refused, and the witnesses tendered were not heard, because the delay in which said evidence could be corrected, so that a true transcript of the evidence actually heard and purported to be taken by the shorthand reporter could be furnished to the Supreme Court in this case, had expired. But the facts as set forth in said application and exhibits annexed are true and correct, and not disputed.”
Turning to the motion to correct the testimony — all of the allegations of which are declared by the district judge to be true— we are informed that the stenographer was unable to read the stenographic notes of the testimony, and therefore “transcribed not more than one-fourth of the testimony taken”; and we are also informed:
“That a considerable part of this is confusing, erroneous and unintelligible.”
It is alleged in this motion:
“That there are so many errors, so many omissions and mistakes, that it may not be possible for the Supreme Court to render a. proper judgment,” and “that the evidence is so ineom *242 píete and inaccurate and confusing that the Supreme Court cannot consider it intelligently, and that the situation is the same as if the stenographer had taken the evidence and lost it before returning it into court.”
Under such circumstances, it was decided in the ease of Nichols v. Harris, 32 La. Ann. 646, that the judgment should be set aside, and the case remanded for a new trial.
The motion to correct the testimony also contains a review or summary of the supposed three-fourths of the testimony taken, which was not transcribed; and it is suggested in the bill of exceptions that these allegations may be taken as a statement of facts. In most instances, however, the allegations of what the witnesses said conclude with such expressions as:
“And asserted numerous facts and circumstances which were not disputed, and which fully and completely sustained the defense.”
It might be an easy matter to apply the law to such inferences and conclusions as to the effect of testimony not in the record; but it would not be an exercise of our jurisdiction to pass upon the facts.
For the reasons assigned, it is ordered that the judgment appealed from be set aside, and that this case be remanded to the district court for a new trial — the costs of this appeal and of the district court to await the final judgment.