(84 South. 770)

DENSON v. STANLEY. (6 Div. 356.)

(Court of Appeals of Alabama. Nov. 12, 1918. On Rehearing, Oct. 21, 1919.)

1. PLEADING ⬯205(1) — DEMURRER HELD GENERAL AND PROPERLY OVERRULED.

In an action for money had and received, a demurrer to the third count, which specified that the allegations were vague, indefinite, and uncertain, is merely a general demurrer, and was properly overruled.

2. CONTINUANCE ⬯7—RIGHT TO POSTPONE BECAUSE OF MISCONDUCT OF COUNSEL RESTS IN DISCRETION OF TRIAL COURT.

In view of varying circumstances which may arise, there are no unbending rules as to trial of causes or as to right to postponements, and so the question whether defendant was entitled to a continuance because of misconduct of plaintiff's counsel and action of trial judge rests in the sound discretion of the trial court.

3. APPEAL AND ERROR ⬯969—RULINGS UPON DISCRETIONARY MATTERS WILL NOT BE DISTURBED, UNLESS ABUSE IS SHOWN.

Rulings of the trial court on discretionary matters as to the course and conduct of trial will not be disturbed, unless an abuse of discretion appears.

4. TRIAL ⬯304—TAKING OF NOTES BY JUROR NOT OBJECTIONABLE.

That juror, in an action involving a monetary dispute, took notes of the amounts testified to by various witnesses, is no ground for objection, the trial not being unnecessarily delayed,.for obviously the notes might well benefit the jury in making computations.

5. TRIAL ⬯143 — WHERE EVIDENCE CONFLICTED, AFFIRMATIVE CHARGE PROPERLY REFUSED.

Where the evidence conflicted, an affirmative charge was properly refused.

6. TRIAL ⬯253(10) — REQUESTED CHARGE HELD PROPERLY REFUSED, AS IGNORING FACTS.

Where defendant, an attorney, claimed he was entitled to a fee of 50 per cent., and the client asserted that he was to receive one-third a charge that, if the attorney mailed to defendant a contract stating that he should receive one-half of the recovery, etc., verdict should be for him, was properly refused, being misleading, because allowing verdict for defendant, regardless of plaintiff's receipt of the contract.

7. COURTS ⬯54 — AFTER CONSOLIDATION, CIRCUIT COURT MAY DISPOSE OF MOTION PREVIOUSLY FILED IN CITY COURT.

Acts 1915, p. 279, abolishing various city courts, which abolished the city court of Birmingham by consolidating the same into circuit court, will not preclude the circuit court from' disposing of a motion for a new trial filed in the city court.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Action by J. J. Stanley against W. A. Denson for money had and received. From a judgment for plaintiff, defendant appeals. Affirmed, in response to opinion of Supreme Court in Ex parte Stanley, 203 Ala. 408, 84 South. 773.

W. A. Denson, of Birmingham, in pro. per.
Percy, Benners & Burr, of Birmingham, for appellee.

SAMFORD, J. [1] The first assignment of error is based upon the action of the court in overruling the demurrer to the third count of the complaint. This count was in statutory form, and the only ground of demurrer interposed was: "The allegations of said

count are vague, indefinite, and uncertain." This was a general demurrer, and was properly overruled. Ala. Land Co. v. Slaton, 120 Ala. 259, 24 South. 720.

[2, 3] The second, third, fourth, fifth, and sixth assignments of error are based upon the claim that the defendant's case was seriously prejudiced before the jury by the action of the trial judge and the conduct of plaintiff's counsel, and that the judge refused, upon motion, either to grant the defendant a continuance of the case or to discharge the jury then impaneled and to organize another jury for the trial of the case. All of these questions involve the exercise of a discretion by the trial court.

The proper conduct and disposition of the business of nisi prius courts necessarily involve the exercise of much discretion by the court; the time at which a cause ready for trial should be entered upon depending, as is usually the case, upon considerations of convenience affecting both the public and the rights of litigants, not only of the cause under direct consideration, but the disposition of the entire docket for the whole term at which the particular case is to be tried. These things can hardly be made the subject of unbending rules, so as to give to a party to a cause the absolute right to demand a continuance of his case when that case is ready for trial. Varying circumstances may confront the court, calling for the present use of discretion for the enforcement of trials, which is in the power alone of the trial court.

Since the trial court is the only tribunal which can take immediate cognizance of all of the attending circumstances, it is presumed to be the one most capable of determining the proper action to be given. Therefore, as was said in the case of Ex parte Scudder-Gale Grocery Co., 120 Ala. 436, 25 South. 44:

"It is an established rule that, though the abuse or arbitrary and unjust use of discretion may be controlled, yet the discretion of the court to which it properly belongs when reasonably exercised is not to be supplanted by the judgment of another though a superior court."

See High on Extr. Rem. pars. 154, 156; Ex parte City of Montgomery, 24 Ala. 98; Ex parte S. & N. Ala. Ry. Co., 44 Ala. 654; Ex parte Shaudies, 66 Ala. 134.

This court has carefully examined the record of the proceedings, and is not convinced that the trial court abused its discretion in proceeding with the trial. The orderly and expeditious disposition of the business of the courts requires the setting of cases and the prompt attendance upon the sessions of the court of both litigants and their counsel. The record in this case shows a leniency and tolerance by the court in favor of the defendant far beyond any legal requirements.

[4] The action of the court in overruling the defendant's objection to proceeding with the trial after it had been ascertained, by inquiry, that one of the jurors had during the trial been making some figures as to the amounts testified to by the various witnesses, and the overruling of the motion to continue the cause or to give the defendant another jury, was without error. The record discloses that during the trial, and while the plaintiff was being cross-examined by the defendant, there was a pause, and a suggestion was made that one of the jurors had a piece of paper upon which he had been writing or making some figures. Upon an examination of the juror, it was made to appear that the juror had been taking down the figures testified to by the various witnesses, and, upon being examined by the court, this juror stated that he had not made up his mind on the case, that his mind was perfectly open, and that he had no interest, one way or the other, in either of the parties. It has been held that the jury may take notes of calculations submitted by either plaintiff or defendant, or of what is said or claimed by counsel for either side in argument. The jury cannot be required to do this, but may do so, if it be not attended with delay or undue consumption of time. Indeed, under proper conditions, we think that it might be very desirable for jurors to make notes of testimony, so that they might use it in arriving, not only at a fair verdict, but a correct finding according to mathematical calculations. Lilly, Adm'r, v. Griffin, 71 Ga. 535; Tift v. Towns, Executrix, 63 Ga. 237.

[5] The seventh and eighth assignments of error are based upon the refusal of the court to give at the request of the defendant the affirmative charge, and the contention is made that the evidence showed that Middleton and Reynolds had collected the judgment, the proceeds of which plaintiff was suing for, which judgment was in favor of the plaintiff in a suit that had been determined in the circuit court of Chilton county, and that after deducting a part of the money, which they claimed to be due them as a fee, the remainder of the money was sent to the firm of Denson & Denson, of which firm defendant was a partner. This contention is not tenable. These facts were disputed by the plaintiff, and his evidence tended to establish a contrary contention. According to the plaintiff, the defendant had represented him under contract in the prosecution of a suit against the Louisville & Nashville Railroad, under an agreement whereby the defendant was to receive one-third of the recovery as a fee, and plaintiff was to receive two-thirds. Judgment was obtained by the defendant, the proceeds of this judgment were collected either by the defendant or his associate counsel, acting for the defendant, and the larger part of the proceeds, at least, went into the hands of the defendant. The

defendant, contending that his fee was to be fifty per cent., undertook to make settlement with the plaintiff on that basis. If the evidence of plaintiff is to be believed, and the jury evidently thought so, the plaintiff was entitled to recover of the defendant as for money had and received.

[6] The refusal of the charge, as requested in writing by the defendant and made the basis of the ninth assignment of error, was not error on the part of the trial court. This charge was in the following language:

"The court charges the jury that, if they believe from the evidence in this case that the defendant mailed a contract to the plaintiff before the suit was brought against the Louisville & Nashville, stating therein that the defendant was to receive an amount equal to one-half of the recovery and all the damages assessed by the Supreme Court for his services, and that the plaintiff replied that the terms were acceptable, you must find for the defendant."

This charge was misleading, in that it authorized a verdict for the defendant on the belief that the contract had been mailed, without reference to whether the plaintiff ever received it or not. This alone would be sufficient to warrant the court in refusing the charge.

It is insisted by the appellant that the motion for a new trial should have been granted on the ground:

"Because the court file, containing all of the pleadings, papers introduced in evidence and some of the charges refused to the defendant, and the paper made out by the juror, and referred to in the fourth ground of this motion for a new trial, has been lost, and it is impossible to substitute all of said papers and charges."

This ground for the motion is substantiated by the affidavit of the appellant, in which he makes oath to the effect that certain written instructions, requested by the defendant, and refused by the presiding judge, and so marked, have been lost without any fault on the part of the appellant, and that it was impossible to substitute these instructions, and that the paper which a certain juror had made and used, and which was the subject of controversy on the trial, was also lost, and was impossible of substitution.

Our statutes require trial courts to give or refuse, and so mark and sign, any number of written charges moved for by either party, and provide that such charges, when so marked, become a part of the record. Code 1907, § 5364. When this is done, it is not necessary for either party to except to the giving of any such charges requested by his adversary, nor to the refusal of those so requested by himself. Code 1907, § 3016. These charges, having become a part of the record before their loss, should, wherever possible, be substituted; courts having the inherent power to substitute lost or destroy-

ed records and parts thereof. Choate v. A. G. S., 170 Ala. 590, 54 South. 507; 13 Enc. Pleading & Practice, pp. 372–375; Adkinson v. Keel, 25 Ala. 551; Pruitt v. Pruitt, 43 Ala. 77.

But it is an elementary principle of law that the courts do not require the doing of a useless thing, and, where it is shown that substitution is impossible, the attempt to do so would not be required. This principle is recognized in Choate v. A. G. S., supra, on page 594 of the opinion in 170 Ala. '(54 South. 508), where it is said:

"This particular ground of the motion for a new trial does not allege that it would be impossible to substitute, and hence that question was not an issue on the hearing."

In the instant case, the ground for the motion expressly alleged that substitution was impossible, and therefore presented an issue to the appellee on the hearing of the motion, and gave to the appellee the opportunity of controverting the impossibility of substitution, if he could have done so. This he did not do.

The appellant is entitled by our statutes to an appeal, and to have his case fully presented by a complete record of the proceedings in the court below, and where without fault on his part he cannot make up a full and complete transcript because of loss of certain parts of the record, the trial court should grant him a new trial. Nichols v. Harris, 32 La. Ann. 646; State v. Huggins, 126 N. C. 1055, 35 S. E. 606; State v. McCarver, 113 Mo. 602, 20 S. W. 1058; Richardson v. State, 15 Wyo. 465, 89 Pac. 1027, 12 Ann. Cas. 1048; Jones v. Holmes, 83 N. C. 108; Quarles v. Hiern, 70 Miss. 259, 12 South. 145; Zweibel v. Caldwell, 72 Neb. 47, 99 N. W. 843, 102 N. W. 84.

While there is an expression in the opinion in the case of Choate v. A. G. S., supra, to the effect that substitution should be attempted in that case, it was neither alleged nor proven on the hearing of the motion for a new trial that substitution was impossible, and therefore the expression referred to is not in any way in conflict with the views hereinabove expressed.

[7] It is, however, contended that the circuit court of Jefferson county had no authority to hear and determine the motion upon this ground, for the reason that the motion was made in the city court of Birmingham, and that the city court was at the time of the hearing of the motion out of existence. This position is not tenable. By act of the Legislature approved August 16, 1915, (Acts 1915, p. 279), it is provided that—

"With the exception of the probate court, every court of record having the jurisdiction of the circuit court and chancery court, or of either, and every court of record by whatever name called, having the jurisdiction to try civil

and criminal cases, or either with juries is hereby consolidated into the circuit court."

And further that—

"All the papers, books, files and records of every kind belonging to, or on file in any court hereby consolidated into the circuit court shall be transferred to and become a part of the papers, files, books and records of the circuit court, and all causes, or proceedings of every kind pending in any court hereby consolidated into the circuit court, shall proceed to final judgment therein as though they had been begun in the circuit court in the first 'instance." Section 3.

We might enter into a discussion of and cite many authorities in support of a proposition that consolidation does not mean destruction or obliteration, but the language of the statute is so clear that we deem any discussion or citation of authority superfluous. The trial court should have granted the motion for new trial, and, on account of its refusal to do so, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

On Rehearing.

PER CURIAM. In response to the opinion of the Supreme Court in Ex parte J. J. Stanley, 203 Ala. 408, 84 South. 773, the judgment of reversal is set aside, and the cause is affirmed.