PROVOSTY, J.
The relator filed in this court a petition, duly sworn to, reading as follows:
“(1) That relator is the .plaintiff, and as such is interested in the decision and final determination of suit No.. 4001 of the docket ■ of ■ the honorable Eleventh judicial district court in and for the parish of Red River, entitled Joseph B. Smith v. A. J. Almond, and of' suit . No.-of the docket of said court, erititled: Joseph B. Smith v. J. H. Pylant.
“(2) That said suits were filed in'the'’office of the clerk of court of said parish -of-Red'' River on the 10th day of ’ September,' 1918;' were, for convenience, subsequently consolidated *27 and tried together before the honorable William T. Cunningham, judge of said judicial district, at Coushatta in said parish of Red River, and were duly submitted to said judge with authorities to be filed and taken under advisement by him, on the 10th day of May, 1919.
“(3) That the authorities above referred to have long since been filed and a period of more than a year has elapsed since said suits were submitted to the decision of the said judge and taken under advisement by him; and, although repeated requests have been made for the same, the said'judge has never decided either of said causes, and persists in his failure to decide said causes, notwithstanding that he has been repeatedly importuned and urged to do so.
“(4) That relator has a constitutional right to have said causes decided either for or against him, and the persistence of said judge in delaying and failing to decide said causes operates against relator as a deprivation of justice; that the said failure to decide said causes will work an irreparable injury to relator, and relator has no remedy at law, or relief but by writ of mandamus Irom this honorable court to compel the said William T. Cunningham, judge of the Eleventh judicial district court, to render a decision in said causes so submitted to his judgment and taken under advisement by him. •
“Wherefore relator prays, the premises and annexed affidavit considered, that a writ of mandamus do issue herein, directed to the honorable William T. Cunningham, judge of the Eleventh judicial district court in and for the parish of Red River, residing at Natchitoches, state of Louisiana, commanding him to render a decision in said consolidated causes, as required by law, and without further delay, or that he show cause .to the contrary, if any he can or have, on such day and at such hour as this honorable court may order; and that, after due trial and proceedings had, said writ be made perpetual and peremptory.”
The respondent judge was ordered to show cause why the mandamus should not issue, and he filed the following answer:
“(1) Article' 1 of relator’s petition is admitted.
“(2) Article 2 of relator’s petition is admitted, in that said suits for boundary were brought, and that a surveyor was appointed to make survey of said boundaries, but that there was no opposition to the survey, map, and proeés verbal made in the suit of Smith v. Pylant, and the only opposition made was against the survey, map, and proeds verbal made in the suit of Smith v. Almond.
“(3) Article 3 of relator’s petition is denied, but made no difference, for the reason that respondent looked up sufficient authorities after failure of attorneys in said case to furnish said authorities, which is usual and customary procedure.
“(4) Article 4 of relator’s petition is admitted.
“(5) Your respondent alleges that he was unable to get the record in the said case of Jos. B. Smith v. A. J. Almond, No. 4001, until late in August or September, for the reason, as stated to your respondent by the district clerk, that the stenographer was not paid by plaintiff, Jos. B. Smith, which caused the first or original delay.
“(6) That your respondent, after receiving the record in August or September, found that the map and procSs verbal of said boundary survey were missing from the record, and for that reason it was not possible to form or reach an intelligent conclusion in order to determine definitely where, the said boundary lines between the property of the plaintiff and defendant, Jos. B. Smith, and A. J. Almond were to be fixed.
“(7) Your respondent promptly called the attention of the district clerk and of the attorneys for both plaintiff and defendant to the fact that the map, procSs verbal, and other documents filed in the record were missing, and all promised to make a search for said map, procSs verbal, and other documents, and furnish same to your respondent.
“(8) That notwithstanding such knowledge and promise the plaintiff, Jos. B. Smith, complained to the state auditor, Hon. Paul Oapdevielle, that said suit No. 4001, Jos. B. Smith v. A. J. Almond, had not been decided by the district judge within thirty days, as required by law; and for that reason your respondent alleges that plaintiff Jos. B. Smith was and is in error,or bad faith.
“(9) Your respondent has the right, and is within the law, when he requires that the record be made complete and to contain all the testimony takea on the trial of a case, and particularly the map and procSs verbal made by the surveyor appointed by the court to run the lines and .establish a correct boundary of the properties involved by and in said boundary suit, and your honorable court is referred to the suit’ of No. 20002, Marston -v. McLeod et ah, Ardis et al., Interveners, in 135 La. 239, 65 South 228.
“(10) Your respondent alleges that on November 10, 1919, suit No. 4001 was reopened in order to supply said missing records in order to complete the record in said case No. 4001; and that on March 8, 1920, it was agreed that *29 certified copies of map and proces verbal, made-by R. B. McKnight, surveyor appointed by the court to make said boundary survey, be submitted to take place of originals; and that said copies have never been filed or furnished to your respondent.
“(II) Tour respondent further alleges and shows that the attorneys for the plaintiff and defendant in suit No. 4001, Smith v. Almond, joined in a letter to the auditor, Hon. Paul Capdevielle, on November 12, 1919, giving a correct statement of the status of said suit.”
The letter thus referred to corroborates the statements of this answer.
This answer explains satisfactorily why the suit of Smith v. Almond has not been decided, but not why that of Smith v. Pylant was not decided, since to the survey made in it there was no opposition..
As to the latter suit, the mandamus must therefore be made peremptory. As to .the other suit, the present application of relator must be dismissed. And it is so ordered; and it is ordered, adjudged, and decreed that the costs of the present application be paid, one-half by the relator and one-half by tlife respondent judge.
O’NIELL, J., dissents, because the two cases referred to were consolidated.