76 So.2d 679

**Julia WHEELER**

v.

**ALABAMA NATIONAL BANK OF MONTGOMERY.**

4 Div. 789.

Supreme Court of Alabama.

Dec. 16, 1954.

Alice L. Anderson, Enterprise, for appellant.

Azar & Campbell, Montgomery, for appellee.

SIMPSON, Justice.

Appellant invokes the right to appeal under § 799 of Title 7, Code 1940, privileging a married woman to appeal under certain circumstances, without giving security for costs.

There is inserted in the record a statement of the evidence in lieu of a transcript, which is denominated "Bill of Exceptions." There is a supporting affidavit by the appellant that she is unable to pay the court reporter for the preparation of a transcript. But under Title 7, § 827(2), the reporter is under no duty to prepare a transcript of the evidence unless he is assured payments in the amount prescribed therein. There is an affidavit in the transcript made by the court reporter stating that he has not for any reason been "unable to transcribe the evidence" in this case. Appellee moves that the statement in lieu of transcript be stricken from the record.

■ Section 827(3) of Title 7 sets out the instances in which in a case of this kind a statement in lieu of transcript will be permitted. Those instances are when the "court reporter be deceased, or for any other reason cannot transcribe the evidence * * *." It, of course, might invite the sympathy of the court if a person's rights go unconsidered because that person is unable to pay the court reporter for a transcript. But this situation must certainly have been contemplated by the legislature when they abolished bills of exceptions. The mandate of the above-quoted language is clear and unambiguous. The condition which permits a statement in lieu of transcript is that of the inability of the reporter to transcribe the evidence and the financial status of the appellant is not a matter to be considered. Appellee's motion to strike from the record appellant's statement of the evidence in lieu of a transcript therefore must be granted.

■ The statement of the evidence being stricken, then this must be regarded as an appeal on the record proper. West v. Givens, 246 Ala. 395, 20 So.2d 710; Code, Title 7, § 827(2), Pocket Part.

■ The only assignment challenging error on the record proper is the action of the court in sustaining plaintiff's demurrers to defendant's pleas 3 and 4. These pleas attempt to set up a failure of consideration on the note due to the fact that the contract creating the indebtedness which the note was given to secure was made on Sunday and the original payee of the note had not performed its part of the contract. See § 21, Title 9, Code 1940. But under § 30 of Title 39, Code 1940, failure of consideration is no defense to a negotiable instrument if the suit is brought by a holder in due course. The complaint alleges that the plaintiff is a holder in due course. The pleas were therefore due to be ruled bad on demurrer. No error is made to appear.

Motion granted and judgment affirmed.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.