133 So.2d 692

**Dale E. BIRDSELL**

v.

**STATE.**

**3 Div. 67.**

Court of Appeals of Alabama.

April 18, 1961.

Rehearing Denied May 9, 1961.

Remanded Oct. 17, 1961.

Dale E. Birdsell, pro se.

MacDonald Gallion, Atty. Gen., for the State.

CATES, Judge.

Birdsell seeks to appeal from a judgment of conviction of falsely pretending (with intent to defraud) to an employee of Business Machines Company, Inc. The grand jury accused him of pretending that he had a deposit credit with the Union Bank & Trust Company, Montgomery, Alabama, and thereby obtained from Business Machines Company, Inc., money or merchandise (or both) worth $49.99.

The circuit court overruled Birdsell's motion for new trial on September 15, 1960. The record continues:

"Thereupon the defendant files a motion to require the Court Reporter to transcribe all of the testimony in said case without charge because he has not sufficient funds to procure said action on appeal. And said motion being considered by the Court, it is considered and ordered by the Court that the same be and is hereby overruled."

The petition or motion for leave to proceed as a poor person reads:

"Comes now the defendant who represents, to-wit:

"1. That said defendant has an action pending in this Honorable Court, specifically, an Appeal from conviction and judgment in Case No. 9616.

"2. That certain fees are required by various official offices for Trial Transcripts, Records, filing, et *cetra,* necessary for perfecting said action.

"3. That defendant is without sufficient funds to prosecute said action.

"4. In the premise, defendant requests this Honorable Court order that said defendant may bring said action in forma *paupus.*"

The question here is: Does the refusal of a transcript of testimony for nonpayment of the court reporter unduly clog the appeal of a poor defendant?

The Attorney General has failed to submit a brief. In Strickland v. State, 40 Ala. App. 413, 115 So.2d 273, 276, being confronted with a similar situation, we wrote:

"Though the silence * * * might be construed as confession of error, such a circumstance cannot under our statute be a decisive factor in reversing. For, by the terms of § 389, supra, in criminal appeals, we must search the record and render such judgment as *the law* demands. As was said by Judge Hutcheson at 37 Tex.Law Rev. 387, after discussing Young v. United States, 315 U.S. 257, 62 S.Ct. 510, 86 L.Ed. 832:

"'* * * the Court must be eternally on guard lest it be the confession of error, rather than a fair consideration * * * of the record, that produces the final judgment. * * *'"

■ Under the Fourteenth Amendment to the United States Constitution, a state does not owe the defendant a review of his conviction in a trial court. McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867.

Alabama, however, provides review by appeal of all criminal convictions. Code 1940, T. 15, §§ 367, 368. We pretermit questions of review by writ of error in criminal cases. Code 1940, T. 15, §§ 383–385.

In Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed 891, we find a 4–1–4 court, and as former Chief Justice Qua (of Massachusetts) points out in 25 Univ. of Chi.L.Rev. 143, we are unable to formulate a rule from the text of the opinions of the various justices. See also Hamley, The Impact of Griffin v. Illinois on State Court-Federal Court Relationships, 24 F.R.D. 75; Wilkes, Constitutional Rights of Convicted Indigents, 33 Temple L.Q. 125.

Believing the following to be a correct statement of the Griffin holding, we quote from the Qua article (p. 146):

"* * * If a state provides for appellate review it cannot lay down a procedure that requires the payment of money which indigent persons may be unable to pay, unless it provides an alternative that affords an adequate and effective review to such persons."

In 1943 our Legislature abolished bills of exception in cases at law in courts specified, except in, notably, courts of probate and equity. Act No. 461, effective September 1, 1943, as amended.

Instead of working up the old bill of exceptions, now, "If a party * * * desires to appeal from a judgment rendered, he shall, within 5 days after he perfects his appeal give notice to the court reporter, in writing, that he desires to appeal and requests the evidence to be transcribed." § 1, Act No. 461, supra, as amended by Act No. 97 of 1956. The court reporter is entitled to a transcript fee of fifteen cents for each one hundred words, but, "Nothing in this Act shall prevent either party from appealing upon the record without a transcript of the evidence; but such court reporter shall not be required to perform any part of such service until payment in full is assured when the transcript is ready for filing." § 4, as amended by Act No. 80, June 10, 1953.

Section 3 of the statute, as amended, goes on to say:

"If the court reporter be deceased, or for any other reason cannot tran-

scribe the evidence, any party desiring to appeal may, in lieu of it, present a succinct statement of the evidence, including objections, oral motions, rulings of the court, the oral charge of the court, and all documents offered in evidence shall also be identified and copied in the order in which offered, and the trial judge shall hear the same and make such corrections in and additions to it as may be proper and shall approve the same as a transcript of the evidence. * * *" [Now § 5 of Act No. 80, supra.]

Wheeler v. Alabama National Bank of Montgomery, 262 Ala. 36, 76 So.2d 679, 680, was an instance of a married woman seeking to appeal without giving security for costs. In lieu of the court reporter's transcript of testimony or evidence, the appellate record contained a statement of the evidence denominated "bill of exceptions" supported by an affidavit of the appellant that she was unable to pay the court reporter.

The Supreme Court pointed out that the reporter was under no duty to prepare the transcript unless he was assured of payment. The court held that the expression if "the court reporter * * * for any other reason cannot transcribe the evidence," did not mean the refusal of the reporter to transcribe because of nonpayment, but referred to the "inability of the reporter." Which latter term we understand as covering physical disability or other providential hindrance.

The Wheeler case, of course, if applied to the criminal side of the circuit court, would mean that the indigent appellant is both denied a court reporter's transcript and also the only statutory exception thereto, a statement in lieu thereof. Such a doctrine is clearly in conflict with Griffin v. People of State of Illinois, and if no alternative replaces the court reporter's transcript, then the defendant is due his discharge. However, we are not persuaded that Wheeler is to be taken as applying to criminal cases.

Without trying to distinguish in § 3 of the statute above the difference between the inability and the disability of the court reporter, we think that the statute must be read in the light of constitutional principles. The State Constitution is as apt here as is the Federal: § 13 of our 1901 organic law says in part: "* * * right and justice shall be administered without sale, denial, or delay."

Entertaining this view that in criminal appeals a broader construction should be afforded the first sentence of § 3 of the statute above, we consider that the circuit court should take further proceedings to hear evidence upon Birdsell's motion (or petition) to proceed as a poor person. At such a hearing, he should be given an opportunity to present evidence of his poverty.

If the evidence preponderates to Birdsell's being unable to pay for a transcript, then he should be promptly afforded an opportunity to tender to the court a succinct statement of the evidence, including objections, oral motions, rulings of the court, oral charges of the court, and all documents offered in evidence, identified and copied in the order in which offered. If the material offered is adjudged correct and complete by the trial judge, the appeal here can proceed.

As an alternative this court is willing to accept (under Supreme Court Rule 48) a tape or other recording of the entire trial if properly authenticated and certified to us by the trial court.

Rule 48 of the revised Rules of the Supreme Court provides:

"In cases at law where the court reporter's transcript of the evidence is not filed with the clerk of the circuit court within the time prescribed by law, but is filed within the time for taking an appeal, it will be considered by this court if no objection thereto is presented upon the submission of the cause; and it may be so considered in

the discretion of the court, even though the point as to the delay be presented on appeal, unless counsel objecting thereto shall point out, with supporting affidavit, material omissions or defects in such certified transcript which should or would have been the subject of contest before the trial judge; in which latter event the certified transcript is not to be considered."

We consider the substitute statement or recording to fit in this rule wherever "transcript of the evidence" is referred to.

In this case we see no difficulty about the trial court's arranging for the prisoner's having additional auditions for the purpose of preparing his brief. He has filed here an 87 page typewritten brief. This brief contains 21 pages under the heading of "Recital of Evidence."

If the State, with the approval of the trial court, is willing to accept the "Recital" and the other matters (outside the record proper) put forward in Birdsell's brief as to the evidence, objections, oral motions, rulings of the court, oral charges of the court, and documents offered in evidence, then it would seem that this would serve as a satisfactory substitute for a transcript of the evidence.

Should the recording, if any, have to be played back for the purpose of its settlement, the defendant could then also listen. Thus, if he wished to add to his brief, he would then have ten days after the recording is filed here to notify this court of his intention. Rule 16, Revised Rules of the Supreme Court.

This cause is remanded to the Circuit Court of Montgomery County for further proceedings to ascertain whether Birdsell is without means to pay for a transcript of the evidence. If he is found to be a poor person, then the proceedings should go into whether or not a substitute for a transcript

1. The passage of Act No. 62, supra, renders moot the views in the original opinion as to a nonstatutory means of com-

of evidence can be settled by that court for certification to us.

Remanded.

### After Remandment.

 Agreeably with the Act of the Legislature and the decision of the Supreme Court denying the writ of certiorari without prejudice to consideration of this cause under the provisions of Act No. 62, approved September 15, 1961, this cause is remanded to the Circuit Court of Montgomery County for further proceedings.[1] See the opinion of Harwood, P. J., in the companion case of Birdsell v. State, 272 Ala. 700, 133 So.2d 696.

Remanded.

plance with Griffin v. People of State of Illinois, supra.