84

152 So.2d 696

Gale George FULLER

v.

STATE.

6 Div. 945.

Court of Appeals of Alabama.

April 23, 1963.

Gale George Fuller, pro se.

Richmond M. Flowers, Atty. Gen., for the State.

PRICE, Presiding Judge.

This appellant has been convicted of robbery and sentenced to the penitentiary for a term of twenty years. In the trial court he filed a motion for leave to prosecute an appeal in forma pauperis and requesting that he be furnished with a free transcript of the evidence.

The trial judge declined to rule on the motion because it was "insufficient and incomplete."

In Sanders v. State, Court of Appeals 152 So.2d 439,* a free transcript was sought. The Montgomery Circuit Court denied the request because the petition does not comply with law; also that Sanders has no meritorious defense. Judge Cates, speaking for this court said:

"March 18, 1963, a divided court handed down Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899. In view of the possible nugatory effect [1] of this decision upon all or part of our 'Griffin v. Illinois [351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891]' statute (Act No. 62 of Sept. 15, 1961), we remand the cause to the circuit court for further consideration. See Birdsell v. State, 41 Ala.App. 418, 133 So.2d 692.

\*    \*    \*    \*    \*    \*

"[1]. Of course, if there are two equally valid constructions of an act, the constitutional one is to be preferred to one clearly contrary to organic law. Here we think doubt should be removed: particularly as to the specification of meritorious errors mentioned in § 7 of Act 62, supra."

Under the above authorities this cause is remanded to the Circuit Court for further consideration.

Remanded.

\* Ante, p. 67.