172 So.2d 59

Charles JACKSON

v.

STATE of Alabama.

6 Div. 50.

Court of Appeals of Alabama.

Feb. 16, 1965.

Chester Austin, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

CATES, Judge (dissenting).

I must respectfully dissent.

My brother JOHNSON, with ordinarily commendable brevity, has disposed of this case without opinion with only the terse endorsement on the cover of the record, "Affirmed. Johnson J. (No op)."

Like the Theban Sphinx posing her riddle to the traveler, he thus gives me only silence as a clue.

Recently, Mr. Justice Lawson, in Brown v. State, Ala., 170 So.2d 504, cited State v. Parrish, 242 Ala. 7, 5 So.2d 828, where the court said:

"* * * The rule [i. e., of reviewing only opinions of the Court of Appeals] * * * regarding the right of review of decisions of our Court of Appeals where no opinion was rendered by that court, should not be so extended as to permit the Court of Appeals to preclude a decision by this Court upon federal questions."

To my mind, there is in this record a serious constitutional question arising out of Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, and Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899.

Our Legislature, attempting to meet the requisites of the Fourteenth Amendment, has expressed, first in Act No. 62 of September 15, 1961, Laws 1961, Sp.Sess., p. 1930, and later in Act No. 525 of September 16, 1963, Laws 1963, p. 1129, a desire to furnish free transcripts to pauper convicts who take appeals.

This case arises under the latter statute and is occasioned by the fact that the appellant was found guilty in the Bessemer Division of the Circuit Court of Jefferson County under an indictment charging the capital offense of robbery.

Upon trial, the jury found him guilty and fixed his punishment at twenty years in the penitentiary: whereupon the court found him guilty and pronounced sentence in accordance with the verdict.

Thereafter, on March 5, 1964, appellant's attorney presented to the trial judge and filed in the clerk's office a motion for new trial which, after mesne continuances, the court, after submission and argument, overruled on April 24, 1964.

On May 21, 1964, the appellant, making sworn allegations that he is a poor person "without money, property, or friends with which to defray the cost of this litigation," requested of the court that he be allowed the transcript of his trial without payment of fees. The State interposed no objection because of the delayed filing of this petition.

It is to be noted that this petition came from the appellant while he was in prison. See Thomas v. State, 40 Ala.App. 697, 122 So.2d 535.

The court, on the 5th of June, 1964, proceeded to take up and grant a hearing

on the petition. The minutes on this hearing are as follows:

"On this the 5th day of June, 1964, Came the State of Alabama by its Solicitor and came also the defendant in his own proper person, hearing held on Petition that the State furnish without cost to defendant a transcript of the record of trial. The estimated cost, by the Clerk of the record is $45.00, and by the court reporter of the testimony is $375.00.

"The Court finds from the hearing that the Defendant is twenty five years of age and has spent sixteen years in school. He is a graduate of Miles College with an AB degree and at the time of his arrest for this offense he was teaching chemistry, physics and biology in Praco High School. His wife is a school teacher and receives approximately $365.00 a month and they have no children. His father owns his own home and is in the taxi business. The defendant had an attorney on the trial of his cause who was hired and paid for in the sum of approximately $500.-00. Prior to his teaching at Praco High School he was in New York and was Assistant Director of a City Recreation Board of New York City and was also an assistant clerk at a toy manufacturing company. The court finds that defendant either has sufficient funds or has a reasonable way to procure the same to perfect his appeal in this cause and that he is not entitled to a transcript furnished by the State. The Court finds that at the time of his conviction the Defendant was under a sentence from this Court for five years for Assault with Intent to Rob, which sentence had been suspended and defendant was on probation at the time of the commission of robbery for which he was convicted in the present cause;

"It is ordered, considered and adjudged by the court that said Petition of the Defendant should be and the same is hereby denied.

"On this the 5th day of June, 1964, the Defendant states that he desires a review of the court ruling on his petition. In accordance with the ruling of the court of appeals that technical points of law are to be ignored in proceedings of this type;

"It is ordered, considered and adjudged by the court that an appeal be and is hereby allowed to the court of Appeals from the ruling of the court denying the Petition of Defendant that he be furnished without cost a transcript of the trial. Such appeal is under the provisions of Section 380 (22) Pocket part Title 15, Code of Alabama 1940, as amended;

"It is further ordered and adjudged by the court that the Clerk be and is hereby directed to prepare a transcript of appeal in accordance with such Section."

All of this matter has been sent up to us on the record proper, i. e., without any transcript of the testimony, either upon the trial of the indictment or upon the hearing of the petition for a pauper's transcript. The cause was submitted to us without oral argument September 10, 1964.

In conference, two points for affirmance were discussed by the members of this court, the first being the requirement of § 3 of Act 525, supra, that the pauper's petition must be filed with the clerk of the trial court and the judge within ten days after the ruling on the motion for new trial.

The other basis mentioned to affirm rests upon the findings of the trial judge with respect to the financial status of the appellant.

I cannot conscientiously rely upon either of these grounds to deny this appeal.

At the very least, in my opinion, this cause should be remanded for supplementa-

tion of the record so as to show what testimony was actually before the trial judge on the hearing of the pauper's petition. Thus, in Martin v. State, 277 Ala. 153, 167 So.2d 912, the Supreme Court has pointed out that, though it leads to piecemeal decisions, the preferred procedure is to remand (e. g., under § 9, Act 525, supra) rather than to reverse.

Certainly, appellant's failure to treat time as of the essence of § 3, supra, in the face of the State's failure to object to the tardy filing, when appellant is in the penitentiary without benefit of counsel, should not afford a ground to affirm when a constitutional right is claimed. See Draper v. State of Washington, supra, Thomas v. State, supra, and Patterson v. State of Alabama, 294 U.S. 600, 55 S.Ct. 575, 79 L.Ed. 1082.

As to the reasons which the trial judge ascribes to his denial of the petition for a free transcript, it seems to me that he has gone outside the scope of the statute, particularly in reference to the petitioner's former prosperity and the property of his wife and parents.

Alabama has adopted the Married Woman's Property Act so that a wife's earnings and property no longer belong to her husband.

Nor am I aware of any statute that obligates a parent to provide for a child who is of age.

The fact that the petitioner had been able to pay approximately $500.00 for counsel to defend him on his trial is irrelevant to the issue raised by the petitioner *after his trial*. The question before the court was whether or not the defendant was *then* "without sufficient funds, and has no reasonable way to procure the same, to pay the court reporter * * * or the fees of the clerk for preparing the record." (§ 3, Act 525, supra.)

In short, it is my opinion that § 6 of said Act 525 must be construed not only as it is written, but also in context with Griffin v. People of State of Illinois, supra. See Martin v. State, supra. Certainly, if the trial court considers that the wealth of his wife or other kin is reasonably available to the appellant, then he should be able to support that finding by some affirmative evidence of the willingness of such persons to honor a moral obligation. Without such affirmative proof, I do not think it can reasonably be said that a man can procure something—at least by legal means—if it is in possession of another who will not give it up.

I could digress on the oddity of a legal system which protects the poor and attracts the best of trial counsel to wealthy defendants but often strips the middle class defendant of his lifetime savings. This anomaly, however, is not peculiar to the law, since all of our material possessions are subject to the whims of fate. Perhaps Brotherhood of Railroad Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1, 84 S.Ct. 1113, 12 L.Ed.2d 89, presages a homeowner's policy for defendants.

Aside from this, it seems to me that the appellant here, on this record, might be entitled to a free transcript so that he could prosecute his appeal on the merits of his trial on the indictment. It is a cruel jest that this threshold question has remained undecided way beyond the six months allowed by law for the taking of an appeal. This delay, too, raises a further constitutional objection to the course and conduct of this cause.

The Attorney General could lighten his Sisyphean labors in the Federal courts if he were discreetly but forthrightly to confess to egregious errors in State courts. Cf. *Birdsell v. State*, 41 Ala.App. 418, 133 So.2d 692.