This is a divorce case.
In December 1991, the parties were divorced and a judgment was entered wherein the wife was awarded custody of the parties' minor child, the husband (Hill) was granted certain visitation privileges and was ordered to make child support payments.
Hill, pro se, filed a motion for a new trial and a motion for relief from the judgment pursuant to Rule 60(b), Alabama Rules of Civil Procedure (A.R.Civ.P.). The trial court denied both motions. Hill then filed a motion to appeal in forma pauperis, with a supporting affidavit, which was granted. Next, Hill filed a "Motion and Affidavit in Support of Motion for Access to Court Reporters Transcript in Forma Pauperis" [sic]. This motion was denied. Subsequently, Hill appealed to this court. Numerous issues were presented on appeal; however, we find the dispositive issue to be whether Hill was entitled to a transcript at no charge, or, in the alternative, whether Hill's statement of the evidence complies with Rule 10(d), Alabama Rules of Appellate Procedure (A.R.App.P.).
Hill contends that the trial court abused its discretion by denying his motion to make the transcript available to him at no charge. Hill argues that in granting his motion for leave to appeal in forma pauperis, the trial court should have made the transcript available at no charge to him. *Page 279 
He contends that because the court reporter was provided at the State's expense, the transcript should also be provided at the State's expense. The Committee Comments to Rule 24, A.R.App.P. (concerning proceedings in forma pauperis) state, "There is no provision within the rule for the allowance of a free record or a free transcript in civil appeals."
Hill submitted a lengthy statement in an attempt to comply with Rule 10(d), A.R.App.P., and requested that the trial court include it as part of the record on appeal. The trial court denied this motion and stated the following:
 "The plaintiff's proposed Statement of the Evidence under Rule 10(d) of the Alabama Rules of [Appellate] Procedure shall not be accepted by the Court in this matter. That rule provides for a statement of the evidence to be made when there was no transcript available. In this case, the plaintiff was provided a court reporter at the state's expense. This reporter took a record of the entire proceedings. While the Court has found that the plaintiff is not able to work it has also found that he owns a mobile home and two and one-half acres of land. Therefore, it can not be said that he is totally without assets and the ability to pay for a transcript."
Hill's motion to this court, requesting acceptance of his statement of the evidence was denied without opinion. Hill then filed a petition for a writ of mandamus requesting instruction to the trial court to include his statement of the evidence, in the record on appeal, which was denied without opinion.
Although Hill's efforts were diligent, we cannot decide in his favor. The case of Wheeler v. Alabama National Bank ofMontgomery, 262 Ala. 36, 76 So.2d 679 (1954), discussed the very dilemma presented in this case. In Wheeler, the appellant attempted to insert in the record on appeal a statement of the evidence in lieu of the transcript and the appellee moved to strike the statement. Our Supreme Court held that the only condition permitting the statement in lieu of the transcript is where the reporter is unable to transcribe the evidence. In that case, the court reporter submitted an affidavit stating that he had not for any reason been "unable to transcribe the evidence" in the case. The Supreme Court stated:
 "Section 827(3) of Title 7 [Ala. Code of 1940] sets out the instances in which in a case of this kind a statement in lieu of transcript will be permitted. Those instances are when the 'court reporter be deceased, or for any other reason cannot transcribe the evidence * * *.' It, of course, might invite the sympathy of the court if a person's rights go unconsidered because that person is unable to pay the court reporter for a transcript. But this situation must certainly have been contemplated by the legislature when they abolished bills of exceptions. The mandate of the above-quoted language is clear and unambiguous. The condition which permits a statement in lieu of transcript is that of the inability of the reporter to transcribe the evidence and the financial status of the appellant is not a matter to be considered."
Wheeler, 262 Ala. at 37, 76 So.2d at 680 (emphasis added).
Rule 10(d), A.R.App.P., addresses this situation as follows:
 "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection." (Emphasis added.)
While the term "unavailable" may be somewhat ambiguous, we note that, in this case, the court reporter provided Hill a memo stating "[p]er our conversation, this is to advise you that the transcript . . . will not be made available to you as you cannot afford it." Accordingly, Rule 10, A.R.App.P., does not apply.
On appeal, Hill did not provide us with a transcript or a statement of the evidence. The rule is well settled in Alabama that "[w]here the trial court considered oral testimony in reaching its decision and that testimony is not in the record, the testimony *Page 280 
is presumed sufficient to support that judgment." Averettv. Averett, 575 So.2d 598, 599 (Ala.Civ.App. 1991).
Accordingly, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, PJ., and RUSSELL, J., concur.