On Application for Rehearing
This court's no-opinion affirmance issued on August 25, 2006, is withdrawn, and the following is substituted therefor.
This is an appeal from a judgment in breach-of-contract action; we must affirm the trial court's judgment because of a lack of either a transcript or a statement of facts in compliance with the Rules of Appellate Procedure.
Jerry N. Quick sued Paula Burton in 2003, alleging that Burton was in breach of her contract with him to purchase his vehicle and that Burton owed him approximately $19,000, plus accrued interest. Burton answered, denying Quick's claims. Eventually a trial was held, at which oral testimony was received by the trial court. The trial court then entered a judgment, which provided:
 "This matter came on for trial non jury this date. Having considered the oral testimony of the parties and considering Alabama Statutory Law regarding the issues raised in this case, Judgment is hereby rendered in favor of Defendant Paula Burton and against Plaintiff Jerry N. Quick. Costs are taxed as paid."
(Emphasis added.)
Quick did not request a transcript of the trial. Instead, pursuant to Rule 10(d), Ala. R.App. P., Quick allegedly sent a proposed statement of facts to Burton, who did not respond. Then, on March 28, 2006, Quick moved the trial court to adopt a proposed statement of facts and to supplement the record with that proposed statement of facts.
On March 30, 2006, the trial court denied Quick's motion to supplement the record with a Rule 10(d), Ala. R.App. P., statement of facts. In fact, in regard to Quick's proposed statement of facts, the trial court wrote on the motion Quick submitted: "Denied, does not accurately state facts and testimony established at trial."[1] Rule 10(d), Ala. R.App. P., provides, in part:
 "(d) Statement of the Evidence or Proceedings When No Report Was Made or When a Transcript Is Unavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. . . . Within 21 days (3 weeks) after the filing, the trial court shall rule, settling any questions regarding the objections and proposed amendments, and issuing an approved statement of the evidence or proceedings."
(Emphasis added.)
Circuit courts in our state have long been viewed as courts of record. E.g., Berry v. State, 65 Ala. 117, 121 (1880) (observing that the "Circuit Court is a court of record, of general jurisdiction, civil and criminal"), and Ex parteBurnsed, 844 So.2d 526, 528 (Ala. 2001) (noting that, unlike circuit courts and district courts, municipal courts are not courts of record).
The designation of circuit courts as "courts of record" has a basis not only in *Page 680 
our state's common law but in the acts of our state's legislature. As stated in Denson v. Stanley, 17 Ala.App. 198, 200-01, 84 So. 770, 772 (1918):
 "By act of the Legislature approved August 16, 1915, (Acts 1915, [Act No. 217] p. 279), it is provided that —
 "`With the exception of the probate court, every court of record having the jurisdiction of the circuit court and chancery court, or of either, and every court of record by whatever name called, having the jurisdiction to try civil and criminal cases, or either with juries is hereby consolidated into the circuit court.'
"And further that —
 "`All the papers, books, files and records of every kind belonging to, or on file in any court hereby consolidated into the circuit court shall be transferred to and become a part of the papers, files, books and records of the circuit court, and all causes, or proceedings of every kind pending in any court hereby consolidated into the circuit court, shall proceed to final judgment therein as though they had been begun in the circuit court in the first instance.' Section 3."
(Emphasis added.) The act of our legislature referenced inDenson was succeeded by what is now codified as §12-11-1, Ala. Code 1975. That section states that "[t]here is provided in every county in the state a circuit court with all the jurisdiction and powers that are conferred on the circuit court by the Constitution and laws of this state."
Critically, a "court of record" is a "court that is required to keep a record of its proceedings." Black's LawDictionary 380 (8th ed.2004). Therefore, it is generally safe to presume that a transcript of the oral testimony given in a circuit court is available.
Furthermore, in Hill v. Hill, 607 So.2d 278
(Ala.Civ.App. 1992), this court addressed Rule 10(d), Ala. R.App. P., and indicated that the term "unavailable" in that rule pertains to situations in which the court reporter is "unable to transcribe the evidence," as in cases when, for example, the court reporter may be deceased. Hill, 607 So.2d at 279
(citing Wheeler v. Alabama Nat'l Bank of Montgomery,262 Ala. 36, 76 So.2d 679 (1954)). However, "unavailable" does not include situations when the appellant simply decides to not pay for a transcript — even if the reason is that he or she cannot afford to pay. Hill, 607 So.2d at 279.
In this case, the trial court denied the Rule 10(d), Ala. R.App. P., motion by Quick. Therefore, absent any evidence indicating otherwise, we must necessarily infer that the trial court concluded as a matter of fact that the court reporter was able to transcribe the record but did not do so either because the court reporter's presence at trial was waived by Quick or because Quick did not pay the court reporter for a transcript. Importantly, Quick does not argue to this court that a transcript of the testimony is unavailable. A trial court need not enter a statement of the facts under Rule 10(d), Ala. R.App. P., unless that is the case.
"When oral testimony is considered by the trial court in reaching its judgment and that testimony is not present in the record as either a transcript or Rule 10(d), [Ala.] R. [App.] P., statement, it must be conclusively presumed that the testimony is sufficient to support the judgment." Rudolph v.Rudolph, 586 So.2d 929, 930 (Ala.Civ.App. 1991). Furthermore, our supreme court has stated that an appellate court is limited to a review of the record, and the record cannot be changed, altered, or varied on appeal by *Page 681 
statements in briefs of counsel. Wal-Mart Stores, Inc. v.Goodman, 789 So.2d 166, 176 (Ala. 2000), and Gotlieb v.Collat, 567 So.2d 1302, 1304 (Ala. 1990) (the appellant bears the burden of ensuring that the record on appeal contains sufficient evidence to warrant reversal). Additionally, this court cannot assume error or presume the existence of facts as to which the record is silent. Goodman, 789 So.2d at 176.
As in Rudolph, supra, the record before this court contains neither a transcript nor a statement of facts made pursuant to Rule 10(d), Ala. R.App. P., and thus we must affirm the judgment of the trial court without addressing the merits of Quick's appeal.
APPLICATION FOR REHEARING OVERRULED; NO-OPINION AFFIRMANCE OF AUGUST 25, 2006, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] It appears from our own court's docket sheet that on April 10, 2006, Burton filed with this court several documents she purportedly filed in the trial court. Those documents, in essence, object to several of the "facts" in Quick's proposed statement of facts, but those documents are not stamped with a filing date from the trial court. Their absence from the official record on appeal, however, is not a relevant factor in this court's decision.