ROBERTSON, Judge.
This case involves post-divorce proceedings.
The parties were divorced July 3, 1984. Under the terms of the divorce, the mother was given custody of the two minor sons, and the father was awarded certain agreed visitations. Additionally, the mother was awarded support payments from the father. On September 20, 1988, the mother filed a petition to show cause, alleging that the father had not complied with the ordered support payments. She also petitioned for a modification of the earlier decree, requesting an increase in child support payments for the younger son. The father counterclaimed, asking to be granted custody of the two sons and to be relieved of child support payments. After an ore tenus proceeding, the trial court entered an order modifying the decree by awarding custody of the older son to the father; doing away with the father’s child support payments of $350 monthly; interpreting a provision in the divorce decree that the house payments were in effect child support, and ordering the father to continue paying them as originally ordered; and finding an arrearage for child support. Prom that judgment, the mother appeals.
On appeal, the mother contends that the trial court abused its discretion by entering an order (1) changing custody of the older child to the father, (2) relieving the father of child support payments, and (3) interpreting the provision in the original decree concerning the house payment to be child support. She argues that the evidence does not support the judgment of the trial court.
*1055 I
The mother first argues that the father did not meet the burden of proof justifying the custody change regarding the older son.
We acknowledge that our standard of review is very limited in cases where the evidence is before the trial court ore tenus. Additionally, the matters of which the mother complains rest soundly within the trial court’s discretion. Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App.1985); Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The standard mandated by our supreme court in Ex parte McLendon, 455 So.2d 863 (Ala.1984), places a very heavy burden of proof on a non-custodial parent who seeks to have custody changed after an initial judicial determination. To obtain custody, the parent must show that the custody change materially promotes the welfare and best interests of the child, and, further, that the change more than offsets any inherently disruptive effect caused by uprooting the child. McLendon, supra.
The facts reveal that the older son had been staying full-time with the father for six months preceding this action. This arrangement was made at the child’s request and with the cooperation of both parents. The parents differ whether the arrangement was temporary or permanent. It is undisputed that the child had expressed a desire to live with his father for quite some time, and that the mother had required the son to “give it a year” before she would consider permitting him to stay with his father. Testimony showed that, after a year’s wait, the child still wanted to live with his father. The mother then agreed to allow the older child to go stay with his father.
While legal custody has remained with the mother, the child has been living with and being eared for by the father for a considerable period of time. With the physical custody having been with the father, the “uprooting” of the child would not occur; therefore, there would appear to be no “disruptive effect” caused by the change of legal custody. However, the father still must show that he is fit, and that the change of custody materially promotes the child’s best interests and welfare. McLendon, supra, at 866. It was undisputed that the father and mother are both fit parents to have custody of the children. The mother testified that the child was very depressed before she allowed the child to go live with the father. The evidence reveals that the child is happier now and is participating in school activities and ball games. The father’s testimony revealed that he had remarried and was buying a mobile home. Also, he had made numerous purchases for the child, including items for the child’s room, school supplies, haircuts and clothing. The testimony was uncontradicted that the 13-year-old child was happy living with his father and expressed a desire to stay with his father. Although the child’s wishes are not determinative, they can be considered by the trial court. Hayes v. Hayes, 512 So.2d 119 (Ala.Civ.App.1987).
After careful consideration of the evidence presented, we find that the trial court did not err in awarding legal custody to the father.
II
The mother next argues that the trial court abused its discretion by relieving the father from paying child support for the younger son and by not granting an increase in such payments.
The father failed to show any change in circumstances that would relieve him of providing support for the younger child still with the mother. The original divorce decree, by agreement, ordered the father to pay $350 monthly for child support, and that he would increase the support as his income increased. Evidence before the court showed that the father’s yearly income had increased some $11,000, from approximately $40,000 to in excess of $51,-000. An increase in the income of the contributing parent is one factor for consideration. Martin v. Martin, 479 So.2d 51 (Ala.Civ.App.1985).
While the father offered nothing to warrant a decrease in his child support obli *1056 gation, neither did the mother offer any other evidence to show a change in circumstances to support her request for an increase in child support. Accordingly, we find that the trial court erred in eliminating or reducing the $350 monthly child support, and that part of the judgment is due to be reversed.
Ill
Finally, the mother contends that the trial court abused its discretion by interpreting a provision of the original divorce decree dealing with the mortgage payments. The trial. court stated in its order: “[t]hat this court does further find that the house payment being made by the defendant [father] under paragraph thirteen ... is, in effect, a contribution to child support....”
The original divorce decree established the mother’s one-half equity in the marital home as it existed as of the date of the divorce. The father was responsible for paying all mortgage payments, but he accrued all equity from that date. The mother’s possession of the residence was contingent upon her remaining unmarried and the minority of the children. We have held that “the source and purpose of payment [are] important criteria in establishing what type of award was intended by the trial court.” McGugin v. McGugin, 357 So.2d 347, 352 (Ala.Civ.App.1978).
The evidence before the trial court clearly showed that the father is continuing to build equity in the home while the mother merely has a contingent right to possession. The mother argues that her possession is a non-modifiable property settlement. We agree.
Interpreting mortgage payments to be child support, rather than part of a property settlement of the divorce, opens the way for future modification. It is well established that property settlements cannot be modified after 30 days from the date of the divorce decree. Hocutt v. Hocutt, 491 So.2d 247 (Ala.Civ.App.1986).
Clearly, allowing an unmarried mother and children to remain in the marital home contributes to the maintenance of the minor children. However, that alone does not fashion the provision to become child support. In making a division of property pursuant to a divorce, the trial court may consider the welfare of the minor children as a factor. McCluskey v. McCluskey, 495 So.2d 66 (Ala.Civ.App.1986).
We have held that “to qualify as a property settlement, the award must meet at least two requirements: (1) the amount and time of payment must be certain, and (2) the right to it must be vested and not subject to modification. Cochran v. Cochran, 289 Ala. 615, 269 So.2d 897 (1972).” Thomas v. Thomas, 392 So.2d 233, 234 (Ala.Civ.App.1980). Clearly, here those requirements are met. Accordingly, it was error for the trial court to interpret the provision to be child support, and that part of the judgment must be reversed.
For the errors committed, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for a judgment consistent with this opinion.
The requests for attorneys’ fees filed by each party are denied.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.