ON APPLICATION FOR REHEARING
The original opinion in this case dated July 11, 1990, is withdrawn and the following opinion substituted therefor: *Page 1251 
This case concerns an initial determination regarding child support.
After an ore tenus proceeding the parties were divorced, and, under the terms of the divorce decree, the mother was given custody of the child, and the husband was awarded certain visitation rights.
The trial court further ordered:
 "5. The minor child, . . . age nine, draws $551 per month in social security benefits from his deceased natural father. The undersigned finds that the said $551 per month exceeds the amount of child support the defendant [husband] would be required to pay under the child support guidelines. The undersigned has carefully considered the arguments of plaintiff's counsel, but finds that the defendant [husband] should not be required to pay child support because of the monies [the child] receives in social security benefits.
 "6. That the defendant [husband] shall maintain the minor child on his insurance and shall pay all of the medical, dental, prescription, optical, etc. expenses of the minor child which are not covered by insurance."
Also, the trial court ordered the husband to pay certain debts which included the indebtedness owed on the mobile home and land, the use of which was awarded to the mother and the child, and an automobile which was awarded to the mother.
On appeal, the mother contends that the trial court erred in not ordering the husband to pay specific monthly child support due to the fact that the child receives Social Security benefits from his deceased natural father.
We note that this proceeding was instituted prior to the effective date of Rule 32, Child Support Guidelines, Alabama Rules of Judicial Administration. However, the trial court, in finding that the husband should not pay monthly child support, made a finding of fact that the child draws $551 per month in Social Security benefits from his deceased natural father. Apparently, the trial court was complying with Rule 32(A)(ii), even though under no duty to do so, inasmuch as that rule did not apply to this action.
It is well established that the matter of child support is within the sound discretion of the trial court, and its judgment regarding this matter will not be reversed, absent a showing that it has abused that discretion. Lucero v. Lucero.485 So.2d 347 (Ala.Civ.App. 1986). Further, in divorce cases in which the trial court receives evidence ore tenus, its judgment is presumed to be correct and will not be set aside on appeal unless it is plainly and palpably wrong or unjust.Lucero.
Factors which the trial court may consider in awarding child support include the needs of the child and the ability of the noncustodial parent to provide those needs. Brannon v. Brannon,477 So.2d 445 (Ala.Civ.App. 1985).
The mother chose not to provide a record on appeal containing a transcription of the testimony or any pleadings in the case. She also chose not to make provisions for a statement under Rule 10, Alabama Rules of Appellate Procedure, and to limit the record to the judgment of divorce and a joint stipulation of fact "that in 1984, Charles Samuel Boatfield legally adopted Kenon Wayne Boatfield."
It appears from the record (judgment of divorce) that the trial court considered the needs of the child and how these needs would be provided, i.e., Social Security benefits from the deceased natural father and all medical, dental, prescription and optical expenses from the (adoptive father) husband. Further, other property awards in the decree clearly contribute to the maintenance of the child. See Bender v.Bender, 560 So.2d 1053 (Ala.Civ.App. 1989).
Neither the pleadings nor the testimony in this case is before us. We have nothing to indicate the needs of the child or the financial condition of the husband or his ability to pay any form of support beyond that which the trial court has ordered him to pay.
Accordingly, we cannot find that the trial court erred in considering the Social Security *Page 1252 
benefits, nor can we find that the trial court abused its discretion.
When oral testimony is before the trial court and is considered by the trial court in reaching its decision, and this testimony is not in the record as either a transcript or Rule 10(d) statement, it must be presumed that the testimony is sufficient to support affirmance. Falkenburg v. Falkenburg,549 So.2d 502 (Ala.Civ.App. 1989).
In view of the above, the judgment of the trial court is due to be affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
INGRAM, P.J., concurs.
RUSSELL, J., concurs in result only.