On June 28, 1990 Betty Jean Smith filed an action in the Circuit Court of Montgomery County against Jeffrey Lynn Waters in which she asked for a divorce and other relief. Jeffrey Lynn answered the action and counterclaimed for a divorce. The wife answered the counterclaim.
On November 6, 1990 the trial court entered a final judgment of divorce. The court in its judgment stated that the court was informed that the parties had divided their personal property and thus they were to retain such personal property as each had in his/her possession at the time of the divorce. The parties owned no real property. The husband filed a motion for rehearing, asserting that he had no notice of the hearing that led to the divorce decree and that there had been no agreement reached by the parties relative to the personal property. This motion was denied and the husband appeals.
The husband first contends that the trial court erred in not notifying him of the final hearing date.
Generally, a party, whether represented by counsel or acting pro se, has a duty to keep abreast of the status of his case, and no duty rests on the court or opposing parties to advise him of the trial date. Bowman v. Slade, 501 So.2d 1236
(Ala.Civ.App. 1987). Moreover, the dismissal of a case for lack of prosecution and the subsequent refusal to reinstate it are discretionary with the trial court. Bowman v. Slade.
As noted above, the husband had a duty to be aware of the proceedings taking place in his case, and his failure to do so authorized the trial court to conduct the hearing in his absence. No error here.
The husband's other contention is that no record was made of the hearing held by the court resulting in the divorce decree. As a consequence, he argues, there is no evidence upon which the court could base its findings.
In the absence of a transcript of the evidence or an authorized substitute therefor, *Page 23 
it is conclusively presumed that the trial court's judgment is supported by the evidence. Mitchell v. Mitchell, 506 So.2d 1009
(Ala.Civ.App. 1987). The record clearly shows that no transcript of testimony was made by the court reporter. However, we do note that the judgment entry shows that "Testimony was heard ore tenus . . . [and] [u]pon consideration of the sworn testimony presented in this cause . . ." a decree was rendered. The trial court thus did take testimony ore tenus and made a decision based on that testimony. In absence of a transcript, we are required to uphold the court's judgment based on the above rule of law.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.