The parties were divorced in August 1990. The court ordered the father to pay $375 per month as child support for his three minor children. The court found that "based upon the evidence presented, and considering various factors, strict application of the Child Support Guidelines is not warranted and would be manifestly unjust or inequitable in this case." The judgment included a tentative order for "continuing income withholding" that would go into effect if the father fell one month behind in his child support payments.
In October 1990 the mother filed an affidavit with the court requesting that the income withholding order be executed. She alleged that the father was $1,125 behind in child support. The father filed a motion to stay the withholding order. The motion to stay was denied. The father appeals from that denial.
The father asserts that the trial court erred in its execution of the income withholding order. He contends that the children's monthly receipt of $464 in Social Security benefits, based on his disability, satisfies the court-ordered child support. He insists that he is not in arrears and that he is entitled to a credit for $464 per month for child support payments against the court-ordered $375 per month.
The paramount consideration in determining the amount of child support is the needs of the children, taking into account the parent's ability to pay. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985). Actions concerning child support filed on or after October 9, 1989, although guided by the mandatory application of Rule 32, Alabama Rules of Judicial Administration, are still committed to the sound discretion of the trial court, and its decision on such matters will not be disturbed on appeal absent a finding that the trial court's award is a palpable abuse of discretion. Doyle v. Doyle,579 So.2d 651 (Ala.Civ.App. 1991).
It appears from the scant record before us that the trial court took into consideration the father's disability and the amount of the Social Security benefits relative to the needs of the children. There is no impediment to granting child support in addition to Social Security benefits if need is shown.Miller v. Miller, 385 So.2d 54 (Ala.Civ.App. 1980). Unfortunately, the record on appeal contains only the clerk's record. The testimony in this case is not before us. Statements in the briefs as to evidence presented to the trial court are not evidence for our consideration.
When oral testimony is considered by the trial court in reaching its judgment and that testimony is not present in the record as either a transcript or Rule 10(d), A.R.A.P., statement, it must be conclusively presumed that the testimony is sufficient to support the judgment. Boatfield v. Boatfield,570 So.2d 1250 (Ala.Civ.App. 1990).
In view of the above, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 931