L. CHARLES WRIGHT, Retired Appellate Judge.
This is an appeal from the condemnation and forfeiture of a 1983 GMC Jimmy truck.
The sole issue presented for our review is as follows:
“Whether the Trial Judge erred in forfeiting a motor vehicle that is out of authorized perimeter of search warrant and the property of an individual that is not subject to the search.”
The record on appeal consists only of the petition for condemnation and forfeiture, appellant’s response to the petition, a lengthy order of the trial court, and appellant’s motion for new trial.
It appears from the trial court’s order that an evidentiary hearing was held on the matter. This court, however, does not have before it the transcript of that hearing; nor do we have a copy of the search warrant in question. Furthermore, it appears from the scant record before us that this issue was not properly preserved for our review. Appellant asserts in his motion for new trial that the search warrant was “void on its face”; he did not formally question the scope of the “authorized perimeter” of the search warrant until appeal.
When oral testimony is considered by the trial court in reaching its judgment and that testimony is not present in the record as either a transcript or Rule 10(d) statement, Alabama Rules of Appellate Procedure, it must be conclusively presumed that the testimony is sufficient to support the judgment. Boatfield v. Boatfield, 570 So.2d 1250 (Ala.Civ.App.1990). This court is limited to a review of the record before it. An issue not reflected in the record as being properly raised in the trial court cannot be raised for the first time on appeal. Totten v. Lighting & Supply, Inc., 507 So.2d 502 (Ala.1987).
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the *344 provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.