L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in November 1989. The judgment of divorce incorporated a written agreement between the parties. The agreement gave the father custody of the minor son. The father agreed to pay up to $400 per month for room and board for the daughter while the daughter attended college.
In December 1990 the mother filed a petition for contempt, alleging nonpayment of the daughter's college support. She further requested that she be given custody of the minor son and that the father be ordered to pay child support. In response to the petition, the father filed a motion to modify, requesting that he be paid child support for the months that the minor son had lived with him.
After presentation of oral stipulations by each party as to the material issues presented by the pleadings, the trial court found the father in arrears in his payment of the college support, gave custody of the minor son to the mother, and ordered the father to pay child support. The father appeals from that order and raises several issues for our review.
The trial court’s order reflects that it considered the stipulations presented at the hearing in reaching its decision. We do not have before us the transcript of that hearing.
When the trial court considers evidence such as stipulations in reaching its decision and those stipulations are not present in the record, it must be conclusively presumed that the evidence was sufficient to support the judgment. Boatfield v. Boatfield, 570 So.2d 1250 (Ala.Civ.App.1990). We have no alternative but to affirm the court’s judgment.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES *339 WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.