L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in Jefferson County, Alabama, in January 1991. Custody of the minor child was given to the mother with specific visitation rights to the father. Child support was ordered from the father. In September 1991, the father filed a petition to modify the judgment as to custody of the child, together with a request for an order of contempt of court, alleging that the mother had removed the child to California, thus denying the father his visitation rights.
According to the allegations of the pleadings, the mother, in February 1992, filed a petition in the superior court of Los Ange-les, California, seeking to modify the Alabama judgment as to custody and visitation. Presumably, she alleged jurisdiction in the California court under the Home State Provision of the Uniform Child Custody Jurisdiction Act (UCCJA) of that state and/or the provisions of the Federal Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A.
In March 1992, the mother appeared in the Jefferson County court and filed a motion to transfer jurisdiction of the child custody to the California court. The judge set all pending petitions for oral hearing on April 8, 1992. On that date testimony was taken from both parties. Arguments of counsel were presented. On April 9, 1992, judgment was entered by which the court declined to exercise its jurisdiction of the child custody and change of visitation issues presented. It stayed all other issues, pending disposition of the action filed in the California court.
The father moved for a new trial. The motion was supported by extensive legal brief. The court heard the motion in June 1992 and denied it in July 1992. In the order of denial, the court directed that child support funds, which had previously been paid into court and not disbursed, be released to the mother.
The father has appealed to this court, alleging eleven issues and instances of error committed by the court below. All of those issues were seemingly presented to and argued in the court below at the original hearing in April and again at the hearing on the motion to reconsider and for a new trial. This court has studied the record before us and the argument of counsel for the father. We find the primary contention is that the trial court incorrectly applied the provisions of the UCCJA and the PKPA under the facts presented to it.
In presenting that contention, counsel has stated facts and allegations without support in the record before us, as we have only the clerk’s record of the pleadings and rulings of the court. There is no record of the testimony presented to the trial court at the hearing of the mother’s motion to transfer jurisdiction of the custody matter to California. We must presume that there was evidence presented which convinced the trial court that the California court has jurisdiction as the home state of the child as provided by the state and federal statutes. This court cannot determine whether the trial court may have abused its discretion in declining to exercise its jurisdiction in the absence of opportunity to examine the evidence presented to that court. Under such circumstances, we are bound to presume that the judgment of the court was supported by the law and the evidence presented to it. Rudolph v. Rudolph, 586 So.2d 929 (Ala.Civ.App.1991); Boatfield v. Boatfield, 570 So.2d 1250 (Ala.Civ.App.1990); Ford v. Lyons, 505 So.2d 1229 (Ala.Civ.App.1986).
We find no basis in the record for our consideration of any of the contentions presented in the brief of the appellant. We pretermit discussion of them. The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.