THIGPEN, Judge,
dissenting.
In the instant ease, there were at least two ore tenus proceedings on the multiple claims before the trial court entered its final judgment. In his petition to change custody, the father specifically pled that there had been a change of circumstances affecting the children’s welfare which required that custody be changed to him. He also pled that the children’s best interest would be promoted by the change of custody. In its judgment granting the father’s petition, the trial court expressly stated that it carefully and consciously weighed all the evidence presented, including the testimony of numerous witnesses. It ultimately determined that a change in custody would materially benefit the children.
This court is an error-correcting court and does not presume error. It is my position that the appellant here has failed to carry the “burden of ensuring that the record contains sufficient evidence to warrant a reversal.” In re Matter of Coleman, 469 So.2d 638, 639 *882 (Ala.Civ.App.1985). In the absence of a transcript of the trial evidence or an acceptable substitute for appellate review, this court is “required to conclusively presume that the final judgment of the trial court was supported by the ore tenus testimony.” Mitchell v. Mitchell, 506 So.2d 1009, 1010 (Ala.Civ.App.1987).
As noted by the majority, an appellate court encounters difficulty reviewing disputed oral testimony presented in evidentiary reconstructions pursuant to Rule 10(d), A.R.App.P. The confusion created by the shortcomings of this reconstruction leaves little for appellate review, and, in my opinion, requires this court to review this judgment with the same favorable presumption that attaches to a judgment that has no reviewable evidence presented on appeal. We are bound to presume that the judgment of the trial court was supported by the law and the evidence presented to it. Rudolph v. Rudolph, 586 So.2d 929 (Ala.Civ.App.1991). It is a conclusive presumption that the absent testimony supports the trial court’s judgment. English v. English, 352 So.2d 454 (Ala.Civ.App.1977).
Additionally, when a trial court does not make specific findings, we must assume that it made those findings necessary to support its judgment, unless those findings would be clearly erroneous. Ward v. State, 592 So.2d 581 (Ala.1992); Ex parte Walters, 580 So.2d 1352 (Ala.1991); Knox Kershaw, Inc. v. Kershaw, 552 So.2d 126 (Ala.1989).
Accordingly, I would affirm this case. Therefore, I must respectfully dissent.
CRAWLEY, J., concurs.