RICHARD L. HOLMES, Retired Appellate Judge.
Lake Forest Property Owners’ Association, Inc. (Lake Forest), appeals from the entry of a summary judgment in favor of Kenneth F. Coppage and Donniece Coppage, husband and wife.
At the outset, we note that the record before this court is not a paragon of clarity. Additionally, it is strange that the trial court, after denying Lake Forest’s summary judgment motion, dismissed the case with prejudice. Apparently, there is no appeal from the trial court’s action of dismissal.
Suffice it to say, we do not deem it necessary to set out in detail the full facts of this case. However, the following facts are pertinent to this appeal: The Coppages are property owners in the Lake Forest subdivision. The original declarations of the Lake Forest development required that all property owners were subject to a mandatory membership in the Lake Forest Property Owners’ Association/Lake Forest Yacht and Country Club (LFPOA).
In May 1984 the Coppages resigned their membership in the LFPOA, pursuant to an amendment to the original declarations. *1238 That amendment, filed in 1976 by Lake Forest, allowed those property owners who obtained home improvement loans the option of resigning.
In July 1993 the Coppages refinanced their home. As a result, they began receiving bills for assessments and dues. In September 1994 Lake Forest filed a complaint against the Coppages, seeking to collect the back dues and the assessments.
Subsequently, Lake Forest filed a motion for a summary judgment, based on a prior order issued by the trial court. Lake Forest Property Owners’ Association, Inc. v. Lake Forest, Inc., No. CV-85-500229 (Baldwin County Cir. Ct., October 8, 1986). In that case, the trial court declared the amendment to the original declarations invalid and null and void ab initio.
On October 10, 1995, the trial court entered an order, wherein it denied Lake Forest’s summary judgment motion. On October 24, 1995, the trial court entered a final order, wherein it dismissed the entire case with prejudice.
Lake Forest appeals from the trial court’s denial of its summary judgment motion.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie case, showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
On appeal, Lake Forest contends that it presented prima facie evidence that the Cop-pages were bound by the October 1986 order of the trial court. Lake Forest further contends that the Coppages did not respond to its properly supported summary judgment motion with an affidavit, or otherwise, as required by Rule 56(e), Ala. R. Civ. P. In fact, the record indicates that the only evidence presented by the Coppages, who appeared pro se, was a signed response in opposition to Lake Forest’s properly supported summary judgment motion. We note that there is no transcript in the record, nor is there any deposition testimony.
It is well settled that in reviewing a’motion for a summary judgment, the reviewing court will “take into account the same factors considered by the trial court in initially ruling on the motion for summary judgment.” Havens v. Trawick, 564 So.2d 917 (Ala.1990).
After a careful review of the record that is before this court, it does appear that a hearing was held on Lake Forest’s summary judgment motion and that both parties appeared. However, there is nothing in the record before us to indicate what transpired at that hearing.
It is well settled that when a trial court conducts a hearing and a transcript of that hearing is not present in the record, the appellate court must conclusively presume that the trial court had adequate evidence before it to support its findings. Woodard v. State Dep’t of Industrial Relations, 599 So.2d 48 (Ala.Civ.App.1992); Waters v. Smith, 586 So.2d 22 (Ala.Civ.App.1991); Rudolph v. Rudolph, 586 So.2d 929 (Ala.Civ.App.1991); Shepherd v. State, 587 So.2d 343 (Ala.Civ.App.1991); Talley v. Deas, 567 So.2d 384 (Ala.Civ.App.1990).
In light of the above, this court has no other choice but to affirm the judgment of the trial court.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.