RICHARD L. HOLMES, Retired Appellate Judge.
In November 1994 Greg Forman and Thomas R. Lemon filed a complaint against David Lindsey, Mike Spencer, Gary Ledbet-ter, and Bob Hoffman. In the complaint Forman and Lemon alleged that Lindsey, Spencer, Ledbetter, and Hoffman executed two promissory notes — one for $5,500 in favor of Forman and one for $11,000 in favor of Lemon. We would note that Forman and Lemon obtained default judgments against Lindsey, Spencer, and Ledbetter. Apparently, no appeal was taken from those default judgments.
Our review of the record, which is not a paragon of clarity, reveals the following pertinent facts: In January 1995 Hoffman filed an answer, denying the allegations of the complaint. The trial of this case was continued from February 1,1996, until February 6, 1996.
On February 1, 1996, Forman and Lemon filed a motion for entry of default and a motion for sanctions against Hoffman. In their motion Forman and Lemon alleged that Hoffman, through his attorney, had falsely represented to court personnel that Hoffman was “snowed in” in the “Chattanooga area” and was unable to be present for the February 1,1996, trial setting.
On February 6, 1996, the trial court entered a judgment against Hoffman. However, on the same date the trial court set aside the judgment and reset the case for trial on February 29,1996.
On February 29,1996, the trial court noted that neither Hoffman nor his attorney was present for trial and thereafter entered a judgment against Hoffman in favor of For-man and Lemon.
On March 1, 1996, Hoffman filed a motion to set aside the default judgment of February 6, 1996. Forman and Lemon filed an objection to Hoffman’s motion to set aside the default judgment and pointed out that the only default judgment in place was entered on February 29,1996. In his response to their objection, Hoffman contends that he was not aware that the February 6, 1996, default judgment had been set aside or that *875 the ease had been reset for trial on February 29,1996, or that a default judgment had been entered on February 29, 1996, until he received Forman and Lemon’s objection to his motion.
The trial court denied Hoffman’s motion to set aside the default judgment. Hoffman appeals.
In the briefs on appeal, both parties indicate that the trial court held proceedings on Hoffman’s motion to set aside the default judgment, on Forman and Lemon’s objection to Hoffman’s motion, and on Hoffman’s response to their objection. Both parties indicate that after these proceedings, the trial court denied Hoffman’s motion to set aside the default judgment.
The case action summary sheet indicates that on April 12, 1996,' the trial court held a proceeding on these pending motions and denied Hoffman’s motion on April 15, 1996. However, there is nothing in the record before us to indicate what transpired at this proceeding.
We would note that it is the duty of the appellant to demonstrate how the trial court committed error. Milliken v. South Realty Co., 628 So.2d 928 (Ala.Civ.App.1993). This court is limited to a review of the record on appeal. Shepherd v. State, 587 So.2d 343 (Ala.Civ.App.1991).
It is well settled that when a trial court conducts a hearing and a transcript of that hearing is not present in the record, the appellate court must conclusively presume that the trial court had adequate evidence before it to support its findings. Woodard v. State Dep’t of Industrial Relations, 599 So.2d 48 (Ala.Civ.App.1992); Waters v. Smith, 586 So.2d 22 (Ala.CivApp.1991).
In light of the above, this court has no other choice but to affirm the judgment of the trial court.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Aa.Code 1975, § 12-18-10(e).
AFFIRMED.
All the judges concur.