Dennis John Differ, acting pro se, appeals from a judgment of the DeKalb Circuit Court condemning a tract of property he owned and the dwelling located thereon, and forfeiting that property, as well as two firearms, to the DeKalb County Drug Task Force. We affirm.
The judgment from which Differ appeals was entered by the trial court following an ore terms proceeding. Thus, we presume that the facts set forth in the trial court's judgment, which contained a recitation of the evidence, are supported by testimony at the trial, even if no support for the facts recited in the judgment can be gleaned from the trial exhibits in the record. See Lake Forest Prop. Owners' Ass'n, Inc. v.Coppage, 686 So.2d 1237, 1238 (Ala.Civ.App. 1996) (explaining that when a trial court conducts a hearing and a transcript of that hearing is not present in the record, the appellate court is to presume that the trial court had adequate evidence before it to support its findings). Accordingly, the facts set forth in this opinion are gleaned from that evidence that is in the record before us, which we consider in the light most favorable to the State, and from the trial court's judgment. See Great Coastal Express, Inc. v. Atlantic Mut.Cos., 790 So.2d 966, 968 (Ala.Civ.App. 2000) ("Finally, we note that `[i]n ore tenus proceedings the trial court is the sole judge of the facts' and we are required to review the evidence in a light most favorable to the prevailing parities].'").
 I.
As a threshold matter we take up an issue pertaining to the absence of a transcript in the record on appeal. On appeal, Differ has filed a motion in which he argues that, because he was adjudged indigent in both the related criminal case against him (see discussion below) and in the present case, he should have been provided a copy of the record on appeal and transcripts of the relevant proceedings in the trial court at no cost to him. He seeks an order from this court requiring the clerk of the DeKalb Circuit Court to forward to him a copy of the record on appeal and the transcripts of several hearings that the court reporters in this case and in the criminal case prepared.
Following the trial court's entry of a judgment, Differ filed a motion to proceed on appeal in forma pauperis. The trial court granted the motion and ordered that Differ be allowed to proceed without prepayment of fees or costs or the giving of security. The court noted that he was still responsible for the cost of transcript preparation. *Page 878 
On January 6, 2006, this court sent a notice of deficiency to Differ indicating that he had not paid the court reporter for the production of a transcript. On January 10, 2006, Differ responded to this notice, indicating that he would be filing his appeal without the court reporter's transcript because he could not afford to pay for the transcript.
Rule 24(a), Ala. R.App. P., provides, in pertinent part:
 "A party to an action in a court who desires to proceed on appeal in forma pauperis shall file in the trial court a motion for leave so to proceed, together with an affidavit showing, in the detail prescribed by Form 15 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that he or she is entitled to redress, and a statement of the issues which the party intends to present on appeal. If the motion is granted, the party may proceed without further application to the appellate court and without prepayment of fees or costs in either court or the giving of security therefor. If the motion is denied, the trial court shall state in writing the reasons for the denial."
Describing the effect of Rule 24, the comment to Rule 24 states, in pertinent part: "There is no provision within the rule for the allowance of a free record or a free transcript in civil appeals." In Hill v. Hill, 607 So.2d 278, 278-79
(Ala.Civ.App. 1992), this court pointed out the comment to Rule 24 and held that the appellant in that case was not entitled to a free copy of the transcript.
Based on the foregoing, we deny Differ's motion.[1]
 II.
We turn now to the merits of the case before us. On September 7, 2002, a helicopter pilot flying a marijuana-eradication detail in DeKalb County for the Alabama Department of Public Safety observed marijuana plants growing on Differ's property. At the time that he observed the plants, the pilot was headed to a different area of the county and was traveling at an altitude of between 500 and 600 feet; he was not purposefully observing Differ's property.
After spotting the marijuana plants on Differ's property, the pilot descended for the purpose of determining if there were additional marijuana plants on Differ's property that he had not seen in his first observation. He also notified the DeKalb County Drug Task Force of his observation. At no point while he was flying the helicopter did the pilot descend below 100 to 200 feet except when he was landing the helicopter.
Later that day, after obtaining a search warrant, law-enforcement officers searched Differ's property and house. They uncovered 187 marijuana plants growing in Differ's backyard, 7 barrels or drums buried on the premises containing 358 bags of marijuana, 2 buckets buried on the premises containing 20 bags of marijuana, 17 bags of marijuana in Differ's home, 45 bags of marijuana in the trunk of an automobile parked in Differ's garage, a book explaining how to grow marijuana, detailed notes on the quality of more than 200 allotments of marijuana, a Remington .22 rifle, and a Marlin 44 Magnum rifle.
When entering Differ's house, the law-enforcement officers found Differ unconscious *Page 879 
from an attempt to commit suicide by drinking brake fluid and other toxic agents. Differ was taken to a hospital. Three days later, law-enforcement officers interviewed Differ at the hospital. Differ stated that he sold marijuana for the treatment of cancer, and he told the officers where they could find a jar containing money that was buried in his backyard. The officers subsequently uncovered $12,600 in two glass jars on Differ's premises, as well as $523 in a book in Differ's home.
On September 24, 2002, the State of Alabama filed an action pursuant to Ala. Code 1975, § 20-2-93, seeking a judgment condemning Differ's real property, the $13,123 found on his property, and the two firearms, and forfeiting those items so that they would be used for law-enforcement purposes or sold. Differ, who was not represented by counsel, filed an answer generally denying the allegations of the complaint.
On August 8, 2003, the State filed a motion for a summary judgment. On September 10, 2003, the trial court granted the motion and entered a summary judgment in the State's favor. On September 16, 2003, Differ, newly represented by counsel, filed a motion for reconsideration, which the trial court treated as a motion to alter, amend, or vacate the judgment pursuant to Rule 59, Ala. R. Civ. P. On October 16, 2003, following a hearing on Differ's motion, the trial court granted the motion and set aside the summary judgment.
On September 15, 2004, in a separate criminal proceeding against Differ arising out of the same incident giving rise to the civil-forfeiture case, Differ pleaded guilty to trafficking in marijuana. He was sentenced to 20 years in the state penitentiary and was ordered to pay a fine of $50,000.
On March 23, 2005, the day that the civil trial was to begin in the present case, Differ filed a motion to suppress the evidence that the law-enforcement officers had seized during their search of Differ's property. He argued that the officers' initial search of his property was warrantless and that the subsequent search was conducted under a warrant that was wrongly obtained on the basis of evidence discovered during the initial, warrantless search. The trial began as scheduled on March 23, but it was not completed on that day. After multiple continuances, the trial was completed on September 20, 2005.
On October 5, 2005, the trial court entered its final judgment. In its order, the trial court stated, in pertinent part:
 "Upon consideration of the evidence as a whole, the court makes the following findings:
 "1. On or before September 7, 2002, the defendant was cultivating and growing large quantities of marihuana plants on real property owned by him in violation of the law of this state. A more particular description of the realty is described in a deed recorded in the DeKalb County, Alabama Probate Office at Deed Book 247, Page 139.
 "2. On and before September 7, 2002, the defendant was using a dwelling located on the tract referenced above to store the marihuana and to prepare it for sale, and was selling and distributing marihuana from such dwelling.
 "3. As to the currency found on the defendant's premises, there is no direct evidence that it was acquired by defendant from the sale of marihuana. The defendant has given uncontroverted testimony about lawful sources of income and offered a tenable explanation for keeping his money outside a bank. There is no evidence before the court relating to the value of the marihuana, *Page 880 
and the notes kept by defendant give no indication of sums that defendant may have received for its sale. Accordingly, the court finds the evidence insufficient to trace the currency to the sale of marihuana or to establish that such funds were used to facilitate the violation of law.
 "4. As to the two firearms sought to be forfeited, the court finds it reasonable to infer that they were intended for use in defendant's unlawful operation.
 "In accordance with these findings, it is adjudged and decreed as follows:
 "1. The real property owned by defendant and described in the deed referenced herein, as well as the dwelling located thereon, are hereby condemned and forfeited to the DeKalb County Drug Task Force, being a lawful enforcement agency, and such agency shall sell the property and use the proceeds of sale as authorized by law.
 "2. The State shall pay into this court the U.S. currency taken from the defendant's property in the sum of $13,123, and the clerk shall hold such funds pending further order of the court.
 "3. The Remington .22 rifle and the Marlin 44 Magnum rifle taken by law enforcement shall be forfeited to the DeKalb County Drug Task Force and shall be destroyed.
 "4. The State has not requested the forfeiture of the contents of the dwelling, and the defendant or his agent shall be entitled to remove the contents from the dwelling."
Differ appealed to this court. This court transferred the appeal to the Supreme Court for lack of appellate jurisdiction. The Supreme Court subsequently deflected the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7.
Differ contends that the trial court erred by failing to suppress the evidence that was gathered from his property as a result of the warrantless "search" the helicopter pilot conducted when flying over Differ's property en route to a different location. He argues that the pilot lowered the helicopter to an altitude of only 40 feet and began "rotor-thrashing" the vegetation on Differ's property in an attempt to uncover marijuana plants, which, according to Differ, could not have been visible from the altitude of 500 feet at which the pilot claims to have seen the marijuana plants.
We disagree. In testimony from the suppression hearing conducted in the criminal proceeding against Differ, the transcript of which was placed into evidence in the trial of the present matter, the pilot testified that he initially spotted the marijuana plants on Differ's property from an altitude of at least 500 feet as he was traversing DeKalb County en route to a separate location.[2] He also testified that he never descended below "100 to 200 feet" except when he landed the helicopter on a separate tract. These facts do not constitute an illegal search under the Fourth Amendment to the United States Constitution. See Florida v. Riley, 488 U.S. 445,448-52, 109 S.Ct. 693, 102 L.Ed.2d 835 (1989); United Statesv. Fernandez, 58 F.3d 593, 597 (11th Cir.1995). Because the trial court was free to, and apparently did, credit this testimony, despite testimony from Differ's expert witness that the overgrowth on Differ's property would have prevented the pilot's observation of the marijuana plants from an altitude of 500 feet,[3] we find that the *Page 881 
trial court did not err when it refused to suppress the evidence that was discovered on Differ's property.
Differ next contends that the presence of law-enforcement officers on his property on September 7, 2002, as well as the "three (3) day siege (similar to Waco, Texas incident)" constituted an unlawful detention. We disagree. First, law-enforcement officers were present on Differ's property pursuant to a valid search warrant obtained after a substantial number of marijuana plants were observed to be growing on his property. Second, Differ was removed from his property and taken to a hospital on the same day that the officers were present on his property, after he tried to kill himself. He was not subjected to a three-day siege as he claims. Differ's claim of an unlawful detention is without merit.
Differ also contends that the search warrant that the law-enforcement officers obtained was invalid because, he asserts, it was not obtained until after September 7, 2002, and was back-dated to that date so that it would appear valid. The record provides no evidence to support this contention, and, as a result, we find that it is without merit.
Differ next contends that the trial judge should have recused himself from the present proceeding because he was the judge that signed the warrant allowing law-enforcement officers to search Differ's property. According to Differ, the trial judge's involvement in both issuing the search warrant and the present case, in which the validity of the search warrant was questioned, constituted an appearance of impropriety because, according to Differ, "he could not remain detached, impartial, and neutral." Differ did not raise this issue below, and, as a result, we will not address it in resolving this appeal. SeeAndrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992).
Differ contends that the affidavit that law-enforcement officers proffered to the court to obtain the warrant to search Differ's property was defective, such that the court should not have issued the warrant. He argues that the statement in the affidavit indicating that the helicopter pilot observed marijuana plants growing on Differ's premises was not sufficiently specific as to the time that that observation occurred. He also argues that the affiant states only that he "has probable cause to believe" that certain items were present on Differ's property but that the affiant failed to state that he "does believe."
We have reviewed the affidavit and conclude that it was without any of the defects that Differ alleges. As to the first alleged defect, the affidavit clearly states that the helicopter pilot observed marijuana plants growing on Differ's property on September 7, 2002, the same day that the law enforcement officers sought the search warrant. It is therefore sufficiently specific as to when the pilot's observation occurred.
As to the second alleged defect, Differ misconstrues the caselaw he cites in support of his view that the words "and does believe" must appear in the affidavit for it to be valid. InTyler v. State, 45 Ala.App. 155, 227 So.2d 442
(Crim.1969), the case upon which Differ relies, the appellate court held that an affidavit submitted to obtain a search warrant was improper because it failed to include any specific, relevant facts giving rise to the *Page 882 
officer's belief that there was probable cause for the issuance of a search warrant. Tyler, 45 Ala.App. at 159-62,227 So.2d at 446-48. Contrary to Differ's contention, the affidavit was not invalid because the officer failed to recite the words "and does believe" in the affidavit. Differ's contention is without merit.
Differ next contends that the trial court erred when it forfeited the two firearms because, he argues, the State failed to prove that he "used or intended to use the two (2) firearms to facilitate the sale, receipt, transportation, possession or concealment of a controlled substance." As previously stated, there is no transcript of the ore tenus trial conducted in this matter. In the absence of a transcript, we presume that the trial court had before it sufficient evidence when it found that it was "reasonable to infer that [the firearms] were intended for use in defendant's unlawful operation." SeeLake Forest Prop. Owners' Ass'n, Inc. v. Coppage,686 So.2d at 1238.
Differ also contends that there were a number of problems with the affidavits and oral argument that the State presented in support of its summary-judgment motion. As previously noted, after initially granting the State's motion and entering a summary judgment, the trial court granted Differ's motion to alter, amend, or vacate the judgment and set the summary judgment aside. Because of this, we fail to see how any problems associated with the State's submission in support of its motion for a summary judgment has any bearing on the present appeal.
Differ contends that there was no evidence presented indicating that he bought, sold, received, distributed, or transported any controlled substance or that any law-enforcement official caught him in the act of doing so. However, it is undisputed that Differ pleaded guilty to trafficking in marijuana based on the evidence uncovered on and after September 7, 2002, on his property. A copy of this plea and the judgment based thereon were submitted as an exhibit in the present case. Given this, we conclude that this contention is without merit.
Finally, in his reply brief, Differ sets forth a number of contentions, many of which are difficult to discern, relating to the State's complaint in this action and whether the complaint properly invoked the jurisdiction of the court. We have reviewed the complaint, as well as Differ's arguments. We conclude that those additional arguments contained in the reply brief that are discernible are without merit. We likewise conclude that the trial court properly had jurisdiction over this case.
For the foregoing reasons, we conclude that the trial court's judgment is due to be affirmed.
MOTION DENIED; AFFIRMED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
CRAWLEY, P.J., concurs in the result, without writing.
[1] Furthermore, it was not until July 27, 2006, more than three months after briefing in this case had closed, that Differ filed his motion to be provided the transcripts at no cost to him. Even if Differ's indigent status gave him a right to the transcripts he seeks, that right has been waived in this case.
[2] Differ does not argue that the trial court erred when it allowed the introduction of a portion of the transcript from Differ's criminal case into evidence.
[3] Differ's expert witness's testimony was based on the state of Differ's property on or around September 14, 2004, some two years after September 7, 2002, the date on which the pilot testified that he observed the marijuana plants on Differ's property.