PER CURIAM.
 

 Janice Rena Prescott (“the mother”) appeals from a judgment of the Covington Circuit Court that modified the custody of the parties’ two minor children (“the children”) by transferring it from the mother to John David Prescott (“the father”). We affirm.
 

 The parties divorced in August 2005. The divorce judgment awarded the mother primary physical custody of the children and awarded the father certain visitation rights. On September 20, 2006, the father filed a “petition for ex parte temporary custody.” On September 22, 2006, the trial court entered an ex parte order awarding the father temporary custody of the children. On October 11, 2006, the trial court, pursuant to an agreement of the parties, entered an order continuing the father’s temporary custody of the children and awarding the mother certain visitation rights pending a final hearing on the matter.
 
 [1]
 
 On January 8, 2008, the father filed an amended petition to modify custody. After conducting a hearing on the father’s amended petition to modify custody, the trial court, on February 27, 2008, entered a judgment that, among other things, awarded the father custody of the children and awarded the mother certain visitation rights. The mother timely appealed.
 

 The mother raises two arguments on appeal. First, the mother argues that the trial court’s judgment modifying custody of the children “erroneously ... utilized] the best interest standard and improperly place[d] the burden on the [mother].” The mother also argues that the trial court erred by failing “to specifically conclude that the [father] had proved the burden imposed by
 
 Ex parte McLendon,
 
 455 So.2d 863 (Ala.1984).”
 
 [2]
 
 The error alleged by the mother did not occur at trial; rather, that error occurred, if at all, in the trial court’s judgment. Therefore, the mother could not have raised this argument in her answer or at trial; however, the mother had the opportunity to bring this issue to the trial court’s attention by filing a postjudgment motion but failed to do so. Because the mother failed to file a postjudgment motion and raises this argument for the first time on appeal, we cannot consider this argument.
 
 See K.L.R. v. L.C.R.,
 
 854 So.2d 124, 131 (Ala.Civ.App.2003) (refusing to consider the mother’s argument that the trial court erred by failing to apply the proper statutory law in reaching its custody-modification judgment because the mother had failed to raise that argument at trial or in a postjudgment motion);
 
 Andrews v. Merritt Oil Co.,
 
 612 So.2d 409, 410 (Ala.1992) (“This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.”).
 

 The mother also argues on appeal that the trial court’s judgment modifying custody of the children is unsupported by
 
 *554
 
 the evidence. However, the record does not contain the court reporter’s transcript, a statement of the evidence pursuant to Rule 10(d), Ala. R.App. P., or an agreed statement of the case pursuant to Rule 10(e), Ala. R.App. P.
 
 [3]
 
 “In the absence of a transcript of the evidence or an authorized substitute therefor, it is conclusively presumed that the trial court’s judgment is supported by the evidence.”
 
 Waters v. Smith,
 
 586 So.2d 22, 22-23 (Ala.Civ.App.1991) (citing
 
 Mitchell v. Mitchell,
 
 506 So.2d 1009 (Ala.Civ.App.1987)). The trial court heard testimony ore tenus and entered a judgment based on that testimony. In the absence of a transcript or an authorized substitute therefore, we are required to affirm the trial court’s judgment based on the rule of law cited above.
 
 See Waters,
 
 586 So.2d at 22-23;
 
 Rudolph v. Rudolph,
 
 586 So.2d 929, 930 (Ala.Civ.App.1991);
 
 Ford v. Lines,
 
 505 So.2d 1229, 1230 (Ala.Civ.App.1986); and
 
 Maker v. Maker,
 
 487 So.2d 948, 949 (Ala.Civ.App.1986).
 

 AFFIRMED.
 

 All the judges concur.
 

 [1]
 

 . The trial court's October 11, 2006, order provided that the "final hearing of this matter shall be set upon the petition of either party.” On May 8, 2007, the mother moved the trial court to set a date for the final hearing.
 

 [2]
 

 . Under
 
 Ex pane McLendon,
 
 a parent seeking to modify custody must demonstrate that the proposed change in custody will materially promote the welfare and best interests of the child. 455 So.2d at 865. Additionally, the parent seeking to modify custody must demonstrate that the good brought about by the proposed change in custody would more than offset the inherently disruptive effect caused by uprooting the child.
 
 Id.
 

 [3]
 

 . Rule 10(d), Ala. R.App. P., provides, in pertinent part, that
 

 “[i]f no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection.
 

 The statement, either as approved by the court or as issued by the court after its ruling, shall be filed with the clerk of the trial court, who shall include it in the record on appeal.”
 

 Rule 10(e), Ala. R.App. P., provides that
 

 ”[i]n lieu of the record on appeal as defined in subdivision (a) of this rule, the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and how they were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with such additions as the court may consider necessary to present fully the issues raised by the appeal, shall be approved by the trial court and shall then be certified to the appellate court to which the appeal is taken as the record on appeal, and it shall be transmitted thereto by the clerk of the trial court within the time provided by Rule 11.”